JOHN J. J. READ, as Administrator, etc., Respondent, v. THE CITY OF BUFFALO, Appellant.

A municipal corporation cannot set up in bar of an action to recover a debt due from it, that it was once willing and offered to pay the debt.

Defendant in 1869 and 1870, through its proper officers, issued certain warrants or orders upon its treasurer, payable when collected or realized from tax sales for a local improvement, with interest three months from date; the necessary funds to pay the orders were collected, and subsequently defendant's common council passed a resolution that after a certain date interest on the orders should cease, and the treasurer published notices thereof in the official city paper. When the orders were presented the treasurer refused to pay interest after the date specified in the resolution, but offered to pay the principal sum with interest up to that time, which plaintiff declined to accept. In an action upon the orders, held, that plaintiff was justified in refusing to accept the offer, and defendant was liable for full interest; that the resolution and publication of notice, in the absence of any proof that the notices came to his knowledge, did not change the obligation of defendant.

Also held, that the provision of the amendment of 1872 to defendant's charter (§ 9, chap. 828, Laws of 1872) authorizing it to stop interest upon such warrants, by giving notice in the official paper, did not apply to the warrants in question; that it was prospective and only applied to warrants issued after its passage.

(Argued September 18, 1878; decided October 1, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought upon certain warrants or orders drawn at different dates in 1869 and 1870 by the mayor and city clerk of defendant upon its treasurer, and countersigned by its comptroller.

The orders were payable when collected, or realized from tax sales for certain specified local improvements, with interest three months from date. The court found in substance that prior to August 15, 1872, the necessary funds to pay the warrants were collected, and on that day defendant's common council passed a resolution directing the treasurer to publish a notice in the official paper to all holders of warrants of certain specified numbers, which included those in suit, to present the same for payment on or before September 1, 1872, and that interest thereon would cease after that date. The treasurer published the notice as required, and he had the funds ready to pay at the time specified. The warrants were not presented until some time in 1876, when the treasurer offered to pay the face of the warrants, with interest to September 1, 1872, but plaintiff refused to accept the same ; he demanding interest down to the time of presentation, which the treasurer declined to pay.

*John B. Greene*, for appellant. It was plaintiff's duty to present his warrant for payment when it became due, and he cannot shield himself on the ground that he had no notice. (Laws 1870, chap. 519, titles 6, 7, § 16.)

*O. O. Cottle*, for respondent. Readiness to pay was not a bar to this action. (*Caldwell* v. *Cassidy*, 8 Cow.. 271; *Wolcott* v. *Van Santvoord*, 17 J. R., 248; *Wilder* v. *Seelye*, 8 Barb., 408; *Sheridan* v. *Smith*, 2 Hill, 538; *Haxteen* v. *Bishop*, 3 Wend., 13; *Hill* v. *Place*, 36 How., 26; 7 Robt., 392, *n;* *Becker* v. *Boon*, 61 N. Y., 313; Civil Code, § 732; 1 Graham Pr. [2d ed.], 249, 541; Tidd's Pr., 396.) Plaintiff should be entitled to the money tendered, and in order that he may get it, it must be brought into court. (8 Cow., 271; 8 Barb., 408; 36 How. Pr., 26; *Brooklyn Bk.* v.

*DeGrauw*, 23 Wend., 345.) The bringing of the suit was sufficient demand. (*Wolcott* v. *Van Santvoord*, 17 J. R., 248; *Fenton* v. *Foudry*, 13 East, 459; 8 Cow., 271; *Garm* v. *Youngs*, 7 Barbour's Reports, 655 ; *Fairchild* v. *O. and R. C. Railroad Company*, 15 New York Reports, 338.) Until a demand and refusal the warrant bore interest according to its terms. (24 Pennsylvania, 310; *Bell* v. *Mayor, etc.*, 10 Paige, 49–69.) Municipal corporations do not differ from other debtors in respect to interest where it arises upon a liquidated demand, and is payable by the terms of the contract or as damages for a breach thereof. (3 McLean, 472; 3 Vt., 285; 2 Mason [U. S.] C. C. R., 20; 1 Dillon, 529.) Defendant could not stop interest by resolution, and by publishing notice in a newspaper. (3 Wend., 21; *Hummel* v. *Brown*, 24 Pa. St., 310; *Hood* v. *Huff*, 3 Mill. S. C. Const., 159; *Lhohe* v. *Carr*, 3 Mumf. [Va.], 10.) Defendant had power to issue these warrants and contract for the payment of interest. (*Kelly* v. *Mayor*, etc., 4 Hill, 263; *Ketchum* v. *City of Buffalo*, 4 Kern., 356.)

HAND, J. The appeal book before us contains no case. We have only the pleadings, the findings, and conclusions of the judge, the defendant's exceptions to these findings, and the judgment.

The *first* exception is to the conclusion of the judge that the plaintiff is entitled to judgment for the sum of $383.80 and costs ; the *second* and only other one is that from the facts found the plaintiff was not entitled to judgment and the judgment should have been for the defendant. It is doubtful whether these exceptions raise any other question for our review, than the single one whether the plaintiff is entitled to judgment for any sum whatever. If so, we do not think they can be sustained.

As to the principal sum mentioned in the orders, under the charter of the defendant its relation to the plaintiff was that of debtor to creditor, and assuming that the defend-

ant offered to pay the amount actually due, that does not extinguish the debt. It may be peculiarly inconvenient for a municipal corporation to seek out and pay its creditor, but we know of no principle of law which permits it, upon this ground, to set up in bar of a debt due from it, that it was once willing, and offered to pay it.

If however the question as to the liability of the defendant for the interest, subsequent to August, 1872, is before us, I am still of opinion that the judgment below is right, and should be affirmed.

The orders are evidences of indebtedness to the payee thereof, payable when collected from assessments for a local improvement. There is nothing contained in them limiting the interest, either as to its commencement or duration, to the time when the funds shall have been collected and ready for the payee. On the contrary, upon their face they bear interest in any event from three months after their date. Nor can it be justly said that because the defendant is in no default after August 12, 1877, when it was ready to pay the orders, therefore it is not liable for subsequent interest. The same is true in the same sense as to any depositary of funds, who has issued a certificate therefor, *expressly bearing interest*. He may be ready at all times to pay the certificate when demanded, but this fact cannot relieve him from the obligation to pay interest. Nor, I apprehend, would it make any difference with the extent of this obligation, that the principal sum named in his certificate, although bearing interest from a fixed day, was not payable until he had realized the amount from a particular fund.

The refusal of the plaintiff to accept the offer of the defendant to pay the principal sum and interest thereon up to August, 1872, was therefore, at the time he made his demand in June, 1876, justifiable.

It seems almost unnecessary to say, that the resolution of the common council, and the publication by the treasurer of the defendant of the notice in the official city paper that, after a certain date, interest on these orders would cease, did not,

in the absence of any proof that such notices ever came to his knowledge, affect the rights of the plaintiff.

The statute of 1872 (Laws of 1872, chap. 828, § 9) authorizing the defendant's treasurer to stop interest by giving notice in the official paper, has no application to the orders sued upon by the plaintiff. It was passed long after these orders were issued, and in the hands of the plaintiff's intestate, or her assignor. It provided a different plan for assessing and collecting taxes for local improvements, making them payable in a different manner and requiring the warrants for the work to be drawn in a different form and payable on a fixed day. Upon well settled principles of statutory interpretation the provisions as to stopping interest by notice, must be held prospective and solely applicable to the new warrants or orders thereafter issued.

The judgment must be affirmed.

All concur, except MILLER and EARL, JJ., absent.

Judgment affirmed.