[Decided at PENDLETON July 31, 1897.]

## STATE EX REL. *v.* GRANT.

(49 Pac. 855.)

CITY TREASURER — PARTIAL PAYMENT ON WARRANTS.—Under charter provisions requiring the city treasurer to receive and safely keep all moneys of the city coming into his hands, and pay the same out on warrants and orders signed by the mayor and recorder, it is not his duty, and he therefore cannot be compelled, to make a partial payment on a warrant, though he is directed to do so by the city council.

From Union: ROBERT EAKIN, Judge.

Application by J. W. Scriber for mandamus to William Grant treasurer of the City of LaGrande. Peremptory writ denied. Relator appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Messrs. Willard W. Hindman* and *J. D. Slater.*

For respondent there was a brief and an oral argument by *Mr. Chas. H. Finn.*

Opinion by MR. JUSTICE BEAN.

This is a proceeding by mandamus to compel the defendant, as treasurer of the City of La Grande, to apply, in part payment of a city warrant belonging to the relator, certain funds in the city treasury applicable to the payment of such warrant, but which are insufficient to pay it in full. Prior to the commencement of this proceeding the common council of the city, by resolution, instructed the treasurer, "as fast as funds accumulated on hand to the amount of one hundred dollars, to apply the same on this warrant, and to take a receipt, as well as to indorse the same on the back thereof," which he refused to do, or to make any payments whatever on the warrant, for the reason that he did not have sufficient funds on hand with which to pay it in full. The question to be determined on this appeal, therefore, is whether, under the rules of law, or the resolution of the council referred to, the city treasurer can be compelled by mandamus to make a partial payment on an outstanding city warrant without its delivery to him, or being furnished with other evidence of or voucher for such payment than the receipt of the holder of the warrant. That mandamus will lie to compel a public disbursing officer to pay a warrant lawfully issued upon accounts which have been regularly allowed by the

proper officer or tribunal, when there is money in the
treasury for that purpose, is unquestioned: Merrill on
Mandamus, § 135. But in our opinion the fact that
there were not sufficient funds on hand at the time
the application for the writ in this case was made to
pay the warrant in full affords an insuperable objec-
tion to granting the relief demanded. By the charter
of the City of La Grande, the treasurer is required to
receive and safely keep all moneys that shall come
into his hands belonging to the city, and pay the
same out upon warrants or orders signed by the
mayor and recorder: Laws 1885, p. 374. Under this
provision of the charter, he is authorized to pay out
the public funds belonging to the city only on an
order or warrant signed in the manner provided. In
other words, such warrants or orders are made by the
city charter the evidence to him of the allowance of
the claim by the proper tribunal, and his voucher for
its payment. This being so, it seems to us clear that
he cannot be compelled to pay a warrant, or any part
of it, unless it is delivered to him as an evidence of
such payment. He is only entitled to credit for pay-
ments made upon orders or warrants properly signed,
and the evidence of such payment is the warrant
itself, and therefore he is entitled to its possession
when paid. If we are right in this view of the treas-
urer's duty under the charter, it is manifest that this
proceeding will not lie. Mandamus lies only to give
effect to a clear legal right, and will not be awarded to
compel a public officer to do any act which he is not
authorized to do by law. Its office is to compel the
discharge of a duty already devolved upon him, and

not to create new ones. When, therefore, it appears in a proceeding against a city treasurer to compel him to pay a warrant that there is not sufficient money in his hands out of which to satisfy it in full, the writ will be denied, because he is not derelict in his duty: Mechem on Public Officers, § 950; Merrill on Mandamus, § 135; High on Extraordinary Legal Remedies, § 352. Nor did the resolution of the city council instructing defendant in this case to make partial payments on the warrant in question in any way change the rule or affect the remedy. His duty in the matter of disbursing the public funds is prescribed by the charter, and he cannot be compelled by order of the council to pay them out in any other manner. It follows that the judgment of the court below must be affirmed, and it is so ordered.

AFFIRMED.