## FIRST NATIONAL BANK OF DULUTH v. SCHOOL DISTRICT NO. 15 OF CARLTON COUNTY.[1]

January 13, 1928.

No. 26,432.

**Notations on a check to indicate purpose of payment do not affect bank in which it is deposited.**

1. Notations on a check, intended to indicate the purpose of the payment attempted to be made thereby, have no effect against the bank in which the check is deposited by the payee.

**No payment of school warrant without presentation of it for payment.**

2. By statute (G. S. 1923, § 2833) school district moneys can be disbursed only *on* orders or other authorized vouchers. It is therefore a breach of plain legal duty for a school district treasurer to make a payment on a warrant not presented to him for such payment; and a payment, without such presentation, to a former holder of a warrant who has assigned it, *held* not to be a payment of the warrant, and the assignee may recover notwithstanding.

Banks and Banking, 7 C. J. p. 675 n. 2.
Schools and School Districts, 35 Cyc. p. 985 n. 33.

[1]Reported in 217 N. W. 366.

Plaintiff appealed from an order of the district court for Carlton county, Grannis, J. denying its motion for a new trial. Reversed with directions.

*Washburn, Bailey & Mitchell,* for appellant.

*Spencer J. Searls,* for respondent.

STONE, J.

The purpose of this action is to compel the application as they are available of the funds of the defendant school district to some of its outstanding warrants held by plaintiff. Plaintiff appeals from an order denying its motion, in the alternative, for amended conclusions of law or, in default thereof, a new trial.

Three warrants are involved, two for $500 each and one for $2,080. They were either originally issued or soon after issue transferred to the Peoples State Bank of Duluth. All were thereafter indorsed to plaintiff. There was an admitted balance due on the warrants at the time suit was commenced, which has been paid. The controversy is over an alleged payment of $1,150, which was made by the treasurer of defendant to the Peoples State Bank on January 2, 1926. It was made on the assumption that the warrants were still held by that bank and in ignorance of their assignment to plaintiff. The one point for decision is whether that payment is effective as against plaintiff. We pass without discussion the argument for defendant that by estoppel or otherwise the Peoples State Bank was the agent of plaintiff, because we find nothing in the proof which would sustain such a conclusion.

1. The check sent to the Peoples State Bank was drawn on Wrenshall State Bank, was transmitted by mail and was both intended and stated to be a payment on two of the warrants, designated by numbers as 157 and 91. The payee bank, appropriating the check to its own use, deposited it with plaintiff in the ordinary course of business. It was credited by plaintiff accordingly to the account of the payee. On the face of the check was a notation that it was "For Warrant 157, 91 and int. School Dist. 15." When it was so deposited, plaintiff held warrants Nos. 91 and 157. But we

cannot hold, with defendant, that the notation on the check bound plaintiff or in any way affected its rights.    Such notations on a check, as between drawer and drawee, operate only to serve the convenience of the drawer.    Duckett v. National Mechanics' Bank, 86 Md. 400, 38 A. 983, 39 L. R. A. 84, 63 A. S. R. 513; State Nat. Bank v. Dodge, 124 U. S. 333, 8 S. Ct. 521, 31 L. ed. 458.    It is not arguable even that a memorandum put on a check by the drawer can charge a depository with the payee's misuse of the proceeds.

2.    For defendant it is insisted, correctly, that school district warrants are mere choses in action (Kalman v. County of Grant, 167 Minn. 458, 209 N. W. 638) and, although assignable and transferable by ordinary indorsement and delivery, are subject to the rule that, "if a thing in action be assigned, an action thereon by the assignee shall be without prejudice to any setoff or defense existing at the time or before notice of the assignment."    G. S. 1923, § 9166. That section is made expressly not to apply "to negotiable paper, transferred in good faith and upon good consideration before due." It applies to past due promissory notes and bills.    LaDue v. First Nat. Bank, 31 Minn. 33, 16 N. W. 426.    Past due negotiable paper being in the class of mere choses in action, with respect to the requisite of notice of assignment in order to protect the assignee, it is impossible to give school district warrants, which never are negotiable, any other or different character.    They are dealt in as quasi negotiable paper by financial institutions, but such a custom cannot give them any legal character or effect that the law does not give them.    King Cattle Co. v. Joseph, 158 Minn. 481, 198 N. W. 798, 199 N. W. 437.

Although municipal warrants are at the best mere choses in action, evidences of indebtedness, they are sui generis.    They are not in and of themselves absolute, as a promise to pay or otherwise. They are "merely devices for properly drawing money from the treasury;  *  *  *  'the prescribed means'" of the law for that purpose.    State ex rel. v. Cook, 43 Neb. 318, 323, 61 N. W. 693. Municipal corporations cannot seek out their creditors when payment is due.    Read v. City of Buffalo, 74 N. Y. 463.    Hence these

devices of the law, warrants or orders, and the requirements that the holders present them for payment. Such requirements concerning "the means and manner of payment by a municipal corporation" are incorporated into and govern the contract and the resulting rights and obligations. Diggs v. Lobsitz, 4 Okl. 232, 236, 43 P. 1069, 1071. Carried to its logical result, a provision that a treasurer shall pay money only "upon warrants or orders" puts him in a position where mandamus will not lie to compel part payment on a warrant, because in such case the warrant will not be "delivered to him as an evidence of such payment." State ex rel. v. Grant, 31 Or. 370, 372, 49 P. 855. That follows from the fact that a municipal treasurer is a ministerial officer having no discretion in the disbursement of public funds. He is their custodian, nothing more, and authorized to pay them out only on "lawful vouchers." City of Chester v. Paxson, 76 Pa. Sup. 40.

Our own statute (G. S. 1923, § 2833) prescribes the duties of school district treasurers, and among other things provides that they "shall receive and be responsible for all moneys of the district, and shall disburse the same on orders signed by the clerk and countersigned by the chairman, or other vouchers authorized by law." If warrants have been presented and not paid for want of funds, they shall be indorsed "not paid for want of funds." A record of such presentment, nonpayment and indorsement is required to be kept by the treasurer. He is not required specially to register the warrants so presented in favor of the payee or holder who presents them, or to keep any record of their ownership other than that of their issue and presentment. The statute further provides that every order properly presented and indorsed shall bear interest at 6 per cent per annum from presentment "until the treasurer serves a written notice upon the payee or his assignee, personally, or by mail, that he is prepared to pay such order; such notice may be directed to the payee or his assignee at the address given in writing by such payee or assignee to such treasurer, at any time prior to the service of such notice." The concluding provision is that no order shall draw interest if such address is not given

"when the same is unknown to the treasurer." The warrants are payable to the payee "or order," and the statute contemplates their assignment and places no limit thereon. The notice provided for from the holder is for the purpose alone of entitling him to advice when payment may be expected, and not at all to secure his right to payment and protect him against payment to a prior holder. The question arises therefore whether a holder by assignment may so far depend upon the mandate of the statute, making it the duty of the treasurer to disburse money only "on" the orders themselves, as to be himself absolved from giving notice in order to protect against payment without notice of his ownership, to a prior holder.

Clearly it is the duty of the treasurer not to pay money upon or in discharge of a warrant unless he has the warrant. The law commands that. That means that the warrant itself must be presented when payment is made. (If it is lost and that fact established, another question, not present or considered now, would arise.) That duty of course is imposed primarily for the benefit of the school district and to protect its funds. But it is none the less an official duty, and we think holders of school district warrants may take notice thereof and depend upon compliance. And if they may do that, they are protected so long as they hold their warrants, even though they do not give notice to the school district of that ownership. Plainly the disbursement of school district money without the presentment of an order or other voucher is a violation of the law for which the treasurer is responsible as for a breach of official duty. The school district may require him to replace the money. Nothing more appearing, it is not a payment on the warrant upon which it was intended to apply. Certainly if loss ensues, the treasurer and his bondsmen are liable, for it is a breach of plain legal duty to make such use of public money.

It is the rule that where power is given by statute to public officers to conserve either public or private interest, the exercise of the power is mandatory even though the grant be in permissive language. Supervisors v. U. S. 4 Wall. 435, 18 L. ed. 419. A fortiori, then, may a citizen depend upon the performance of an official duty which is for the benefit of the public and also of in-

dividuals who have a right to insist on its performance. It cannot be said that the safeguard of payment only on the order itself is for the benefit only of the district. It must be considered as intended also to protect its outstanding evidences of indebtedness— its orders or warrants. So the protection inures to the holders of the warrants, and they are absolved, so long as they hold and are able to present the warrants for payment, from giving notice of their ownership, except as the statute contemplates that they shall give such notice in order to receive, not payment but notice that payment will be made when the warrants are presented. The statute applying to the warrants of counties is similar but not identical. G. S. 1923, § 869. The treasurers of villages and cities organized under the general law are expressly enjoined to "pay out no money except upon" written order of the designated officers. G. S. 1923, § 1174. We take judicial notice of the fact that from very early days, while municipal warrants have never been negotiable, they have been transferable by indorsement and delivery and have been treated by banks and dealers in commercial paper as having all the attributes of negotiability except that of freedom from original defenses. Such a custom, as already indicated, cannot change the legal character of the instruments themselves nor any rule of law applicable thereto. But it is indicative of a practical construction which should have weight when it comes to an examination of the effect and purpose of a statutory provision that public moneys can be disbursed only "on orders  *  *  *  or other vouchers authorized by law."

With such a clearly specified and well known duty resting upon the public officer who is to make payment, it would be flying in the face of a well justified understanding of the situation by all concerned, particularly those whose money finances municipal activities, to hold now that a treasurer, in disregard of the statute, may make payment, carelessly and at random, to the original payee or a subsequent holder and thereby bind another and later assignee of whose rights he happens to have no notice.

Order reversed with directions to amend the conclusions of law. agreeably hereto and to order judgment for plaintiff.