FELIX TRAINOR *vs.* JOHN A. WORMAN.[1]

June 27, 1885.

**Action on Contract—Counterclaim admits Performance.**—*Mason* v. *Heyward*, 3 Minn. 116, (182,) followed, to the effect that a defendant, by pleading a counterclaim for breach of the contract which is the subject of the action, disables himself to claim as a bar to the action that plaintiff has not performed the contract.

**Same—Charge of Court as to Excuse for Non-performance.**—Where plaintiff had not performed his contract within the stipulated time, a charge that nothing but acts of defendant preventing such performance will excuse the non-performance, renders it unnecessary for the court to refer to other matters, and charge that they would not excuse.

**Same—Burden of Proof.**—The refusal of the trial court, when requested, to instruct the jury upon which party the burden of proof of a fact rested, sustained, on the ground that under the circumstances of the case it might mislead the jury.

**Contract—Decision of Agreed Third Party as to Completion.**—Where an owner and a contractor to construct or do work upon a building agree that a certain person shall determine when the work is completed, the *bona fide* decision of such person is binding.

[1] See note at page 488.—[REP.

Appeal by defendant from an order of the district court for Hennepin county, *Koon,* J. presiding, refusing a new trial.

*Edward Savage,* for appellant.

*Byrnes & Byrnes* and *T. E. Byrnes,* for respondent.

GILFILLAN, C. J.   The complaint alleges a contract between plaintiff and defendant by which the former agreed to furnish certain material and perform certain labor towards the erection of certain dwelling-houses for the latter, and for which the latter agreed to pay the former $8,253, of which sum $450 is unpaid.   It alleges full performance by plaintiff of the contract according to its terms.   The answer admits that there was a contract in regard to the building of the houses, but denies each and every other allegation in the statement of the cause of action above set forth.   It then alleges two counterclaims arising upon the same contract: one upon a clause that plaintiff should complete the work by September 10, 1882, and in case of failure so to do he should allow defendant $15 for every day after said date that might be required to complete the work, the same to be deducted from the consideration of the contract, and alleging that the work was not completed till November 15, 1882; and the other upon a clause in the contract that if plaintiff failed or unreasonably delayed to provide the material and labor in the judgment of the architect named in the contract requisite to complete the work by September 10th, the defendant might, after notice to plaintiff, provide the labor and material, and prosecute the work to its completion, and deduct the cost of the same from the consideration of the contract, and alleging such failure and notice, and that defendant provided such labor and material, and prosecuted the work to its completion, at a cost of $200.   The answer demands judgment for $750.

The reply admits the clauses of the contract alleged, and that the work was not completed till November 15, 1882, and alleges that the delay was caused by the acts of the defendant, and that, while he was being so delayed by the defendant, the latter agreed that plaintiff should have all the additional time necessary to complete the work, and that he would release him from the agreement to complete it by September 10th, and from the penalty of $15 a day.   This the defendant claims is a departure in pleading; that under the complaint

the plaintiff relies upon, and in order to maintain his action must prove, a performance of the contract according to its terms, while in the reply he relies upon an excuse for non-performance; the theory of the defendant being, evidently, that upon the facts appearing by the pleadings the plaintiff must, in order to recover anything, establish the excuse for non-performance alleged in the reply, and that would be a departure from the complaint.

This might be true if the defendant had not, by his answer, waived the objection that the plaintiff had not performed, so far as performance was necessary as a condition of the right to bring the action. As long ago as *Mason* v. *Heyward,* 3 Minn. 116, (182,) it was held that, by pleading a counterclaim upon a breach of the contract which is the subject of the action, the defendant admits a claim against him on the part of the plaintiff, which he avoids by his counterclaim, the court saying: "By pleading his counterclaim, he consents to put in issue all the equities between the parties. If he insists that the court shall examine the question as to the amount of damage he has sustained from the non-performance of the contract by the plaintiffs, rather than rest his case simply on the ground of non-performance, he should be held to the issue he has tendered, whether he be benefited or prejudiced by the finding." That case was followed in *Whalon* v. *Aldrich,* 8 Minn. 305, (346;) *Koempel* v. *Shaw,* 13 Minn. 451, (488;) *Steele* v. *Etheridge,* 15 Minn. 413, (501;) *Paine* v. *Sherwood,* 19 Minn. 270, (315,) and *Paine* v. *Sherwood,* 21 Minn. 225. As the defendant, by setting up his counterclaims, disabled himself to claim non-performance at the day by plaintiff as a bar to the action, the allegations in the reply, showing excuse, are immaterial to plaintiff's right of action, though they are material upon the matter of the counterclaims. The only office they serve is to let in proof in avoidance of the counterclaims. This disposes of the points made on the denial of the motion for a nonsuit, and the refusal of defendant's fourth request to charge.

Defendant, in his first request, asked an instruction to the jury "that a mere consent by the defendant that the plaintiff might go on and complete the work after the 10th of September, 1882, or an acceptance of the work after that time, would not be a waiver of the

forfeiture for delay stipulated for in the written contract." The general charge necessarily excludes any such effect of such consent or acceptance, for the charge (that part of it is too long to quote here) was, in effect,—and it was in terms which the jury could not misunderstand,—that nothing would relieve plaintiff from that forfeiture but the fact (if the jury should find it to be the fact) that the plaintiff was prevented from completing the contract within the stipulated time by the acts of defendant, and then only for such time after September 10th as would be reasonably necessary, because of defendant's acts, to complete the contract. After having clearly stated that that was the only thing which could relieve from the forfeiture, there was no need that the court should refer to other matters, and say that they would not have such effect.

The defendant requested an instruction "that the burden of proof is on the plaintiff to excuse the delay in completion." Upon this the view of a majority of the court is that it may often be necessary to inform the jury upon which party rests the burden of proof, and to instruct them that he must establish the facts essential to his recovery by a preponderance of evidence. But, under the state of the evidence in this case, the instruction asked was calculated to mislead rather than aid the jury, for the evidence tending to excuse the delay in the completion of the building came, in part, from the defendant, which is just as available to plaintiff as if introduced by himself. Under the circumstances, and in the form in which the instruction was asked, it was no error to refuse it.

The view of Mr. Justice BERRY and myself is that, although it is a very common thing for trial courts to state to the jury upon which party was the burden of proof, we do not think that a court must (if asked) give such an instruction. For the rule, as we consider, as to where the burden of proof rests is one that concerns the conduct of the trial, the order of the proofs, etc., until the case is submitted to the jury, with which the jury has nothing to do, and not the consideration of the evidence after it is all in. It is not a rule of decision. If a fact is established by sufficient evidence it is enough, although the party on whom the burden of proving it rested did not offer a word of evidence upon it, and all the evidence came from the other side.

Such an instruction the court need not give, but may give if it think proper.

There was evidence tending to show that certain "pointing" in the work was, and other evidence tending to show that it was not, completed, and also tending to show that in a conference between the parties, the superintending architect being present, it was agreed to leave it to such architect to determine when it should be completed, and that when he so determined he should give plaintiff a written certificate that it was completed. The architect gave plaintiff such a certificate. There was evidence tending to show that he gave it without having examined the work. The court charged the jury that "if they [the parties] selected him [the architect] as the man to determine when the work was completed, and he did go to it and look it over and determine that it was completed, then, so far as this case is concerned, that would be a completion of the contract." Agreements of this character are valid, and the *bona fide* decisions of persons so agreed upon to determine such matters between the parties are recognized as binding. *Schwerin* v. *De Graff*, 19 Minn. 359, (414;) *Johnson* v. *Howard*, 20 Minn. 322, (370;) *Starkey* v. *De Graff*, 22 Minn. 431. For this reason, defendant's request, "that Mr. Worman is not bound by the written acceptance delivered to the plaintiff by Mr. Ferrin, if, in fact, the pointing up was not at that time properly completed," was rightly refused, for it ignores any effect to the agreement of the parties.

Judgment affirmed.

NOTE. On reargument, at October Term, 1885, the foregoing decision was reversed, the court holding that the rule in *Mason* v. *Heyward*, 3 Minn. 116, (182,) had been abrogated by Laws 1883, *c.* 101. See *Trainor* v. *Worman*, 25 N. W. Rep. 401, to appear in 34 Minn.—[REPORTER.