## COUNTY OF McLEOD v. F. H. NUTTER and Others.[1]

*July 8, 1910.*

*Nos. 16,557—(142).*

**Mere petitioners not liable on ditch bond.**

The appellants herein signed a petition for the establishment of a public ditch pursuant to Laws 1905, c. 230, but did not sign the ditch bond. There

[1]Reported in 126 N. W. 1100.

was a failure to establish the ditch. *Held*, that such petitioners are not liable for the preliminary expenses incident to the petition, incurred and paid by the county.

Proceeding in the district court for McLeod county to determine the amount due the county from the defendants on account of expenses incurred by the county preliminary to the establishment of a judicial ditch in the counties of McLeod and Sibley. All the defendants had petitioned for the ditch and defendants Fred Knick, E. W. Knick and William Ellies had given bond in the sum of $2,000 to pay the preliminary expenses in case the ditch should not be established. The ditch was not established and upon application of the county attorney, the court, Morrison, J., found in favor of the county and against the bondsmen and all the other petitioners in the sum of $2,871.66. From an order denying their motion to set aside the decision and for a new trial, the petitioners F. H. Nutter, Wm. Roland, Carl Lindeman, Fred Schultz, Emil Klitzke, H. Klitzke, G. Kelm, F. Moore, John Schultz, B. Rettig, Charles Doerr, Herman Fleisch and G. C. Greene appealed. Reversed and new trial granted.

*F. R. Allen,* for appellants.
*Sam. G. Anderson, Jr.,* for respondent.

START, C. J.

This proceeding was instituted in the district court of the county of McLeod upon the petition of the county attorney for a determination by the court of the amount of the expense which the petitioners and the principal and sureties on their bond should pay to the county of McLeod on account of certain judicial ditch proceedings which were instituted by the petitioners for the ditch, but which were dismissed by the court. The result of a hearing upon the petition of the county attorney was a judgment in favor of the county and against all the petitioners for such expenses in the sum of $2,871.66. The appellants herein, who signed the petition for the ditch, but not the bond in the ditch proceedings, appealed from an order denying their motion for a new trial. The principal question raised by the assignments of error is whether the facts found sustain the judg-

ment ordered by the court. The facts found, so far as here material, were to the effect following:

On September 6, 1906, Fred Knick and nineteen other persons made and filed in the office of the clerk of the district court of the county of McLeod a petition praying for the establishment of a judicial ditch extending into the counties of McLeod and Sibley, pursuant to Laws 1905, p. 303, c. 230. Thereupon one of the petitioners for the ditch, Fred Knick, as principal, and two other petitioners, C. W. Knick and William Ellies, as sureties, executed a bond to the counties of McLeod and Sibley in the sum of $2,000, on condition that the principal should pay all the expenses if the court should not establish the proposed ditch. This bond was approved by the auditors of the respective counties and the judge of the court. On the preliminary hearing on the petition for the ditch a survey of the line of the proposed ditch was ordered, which was made, and the surveyor's report filed. Thereafter viewers were appointed, who made their report. On the hearing upon the engineers' and viewers' report, the court made its order refusing to establish the ditch, and dismissed the proceedings. The expenses incurred by the county of McLeod in such ditch proceedings, which have been audited by the court and paid by the county, amounted to $2,871.66.

The solution of the question whether these facts sustain the judgment depends principally upon whether any of the petitioners for the ditch are liable, independently of the ditch bond, for any expenses incurred in the ditch proceedings. Clearly none of them is so liable, unless the statute, expressly or by necessary implication, imposes such liability upon the petitioners. A ditch proceeding is not a civil action, but, like a proceeding to establish a highway, a special proceeding, created and controlled by the statute, to which the general statutory provisions as to costs and disbursements do not apply. Andrews v. Town of Marion, 23 Minn. 372. If the statute does not impose a liability upon the petitioners for the preliminary expenses incident to a ditch proceeding, they are no more liable for such expenses than are petitioners for a highway for expenses incident to their petition.

It is obvious from the provisions of Laws 1905, p. 303, c. 230,

under which the ditch proceedings in this case were instituted, that the county is to be reimbursed for all expenses incurred or paid by it in the ditch proceedings by an assessment upon lands benefited thereby. This furnishes complete indemnity to the county in all cases where the ditch is established, but not in cases where there is a failure to establish the ditch and the proceedings are dismissed after expenses have been incurred and paid by the county. Therefore it was necessary for the legislature to provide for indemnity to the county in cases where the ditch proceedings did not result in the establishment of the ditch. This it might have done by making all the petitioners for the ditch personally liable for the expenses connected with their petition for the public improvement, or by a bond, or by both. The statute shows that the legislature adopted the bond scheme of indemnity only, for disconnected from the bond no liability is imposed expressly or impliedly upon the petitioners.

The provisions of the statute (section 3) as to the bond are as follows: "And one or more of such petitioners shall give bond with good and sufficient freehold sureties, payable to the county to be approved, including amount and sureties, by the auditor, conditioned to pay all expense in case the board of county commissioners or the court shall fail to establish said proposed ditch, drain, or watercourse: Provided, that the principal or principals and sureties who have signed said bond may, at any time prior to the final order establishing the ditch, drain, or watercourse, and subsequent to the filing of the engineer's report, upon ten days' notice in writing to the petitioners of their intention so to do, pay the costs of the proceedings and dismiss the same, unless one or more of such petitioners shall, within said ten days, give a new bond with good and sufficient freehold sureties."

This section was amended by Laws 1909, p. 565, c. 469, so as to authorize the county auditor to order the petitioners to give a new bond, if after hearing, on notice to the principal and sureties on the bond, it is found that the original bond is, for any reason, insufficient. "In case said new bond is not filed as ordered, no further proceedings shall be had in relation to the proposed ditch, and the county board may thereupon upon motion at any meeting thereof, and upon

showing of above facts, dismiss said ditch proceedings and collect from the principal or principals and sureties or either of them, all expenses paid or incurred to date in the matter of constructing said ditch." The purpose of this provision was to make the scheme of bond indemnity effective.

A new and special proceeding for the enforcement of the bond, in cases where the ditch proceedings had been or might thereafter be dismissed or determined adversely to the petitioners, was created by Laws 1907, p. 684, c. 448, § 51, to the effect following: "In all cases where judicial ditch proceedings instituted under any law of this state heretofore have been, or hereafter shall be dismissed, or any such judicial ditch proceedings heretofore have been, or hereafter shall be heard and determined adversely to the petitioners, and the prayer of such petitioners denied, or such proceedings dismissed after hearing on the merits, the judge of the district court may, upon five days' notice in writing duly given and served upon the interested parties, which notice shall state the time and place of hearing thereon, fix and determine the amount of the expenses, if any, which the petitioner and the principal and sureties of *their bond* are liable for, and shall have full power to determine the amount of the expense which the petitioner and the principal and sureties upon the bonds should pay, and full power to determine upon the liability of the petitioner, principal and surety *on such bond* and to order judgment for the amount thereof, and direct the entry of such judgment in the same manner as in causes tried before the court without a jury. The court shall by order fix the date of said hearing, and direct the manner of the service of said notice upon the interested parties. The word 'expenses' in cases of dismissal or determination adverse to the petitioner as hereinbefore mentioned, shall include all expenses legally chargeable against the petitioners and the principal and sureties upon *their bond*." (The italics are our own). This statute cannot affect the liability of any party upon a bond executed before it was enacted; but inasmuch as it goes to the remedy, and not to the contract itself, it applies to all ditch bonds within its purview.

The several statutory provisions which we have referred to are

the only provisions having any relevancy to the question under consideration, and, reading them together, it is clear that they impose no liability upon any petitioner unless he can be connected with the bond. It is to be noted in this connection that the principal on the bond must be a petitioner for the ditch, and that the sureties must be freeholders, but need not be petitioners. How, then, could sureties, who were not petitioners, be held in excess of the bond? Again, if the petitioners are liable without reference to the bond, then the privilege is a barren one, which is expressly given by the statute, whereby petitioners, who have signed the bond, either as principal or sureties, may at any time relieve themselves from further liability by paying the expenses incurred to the time of payment; for, if any other petitioners gave a new bond, the proceedings would go on, and the original bondsmen, if petitioners, would continue to be liable, and, further, that section 51, Id., authorizing the special and summary proceedings in this case, is limited to a determination of *the liability of the petitioner and the principal and sureties on the bond.* The principal on the bond must be a petitioner for the ditch; hence the petitioner and principal on the bond are the same. It follows, and we so hold, that none of the petitioners for the ditch is liable for the expenses incurred by the county, in cases where the ditch is not established, except upon the bond given to indemnify the county for such expenses.

This brings us to the question whether all of the petitioners for the ditch are parties to the ditch bond—whether they executed it or not, so as to be liable with the petitioners who executed the bond to set in motion the ditch proceedings. The question is not whether the petitioners who gave the bond may have contribution from their co-petitioners in case they are compelled to pay the bond, nor whether equitably the petitioners for the ditch who did not sign the bond ought to be liable thereon, as well as the petitioners who did sign it. These questions we do not decide. The question is simply this: Do the provisions of the statute to which we have referred by necessary implication make the petitioners who did not execute the bond liable thereon to the same extent as are the petitioners who did execute it?

If the special proceedings under which liability is sought to be enforced in this case had never been created, and this was a common-law action against the petitioners who did not sign the bond, could it be held without judicial legislation that such action could be maintained against them on the bond? Clearly not, for no permissible construction of the statute could lead to such a result. The case at bar must not be confused with cases where the petitioners by appeal or certiorari seek a judicial review of an order or judgment refusing to establish the ditch, of which In re Bradley, 117 Iowa, 472, 91 N. W. 780, is an illustration. In the case cited the public authorities refused to establish the ditch, the petitioners appealed to the district court, and the order appealed from was affirmed; and it was held that the general statutes as to costs and disbursements on appeal applied. The preliminary ditch expenses were not involved in that case. The distinction between that case and this one is obvious, and is clearly indicated by the supreme court of Iowa in the case of In re Drainage District No. 3, (Iowa) 123 N. W. 1062, in these words: "We find nothing in the statute declaring all the petitioners liable for the expenses of the proceedings preliminary to the action of the board. The case is not like that of In re Bradley, 117 Iowa, 472, 91 N. W. 780, which related to costs of litigation subsequent to the action by the board; nor is it like that of Tiedt v. Carstensen, 64 Iowa, 131, 19 N. W. 885, which related to the costs of a certiorari proceeding to test the validity of the action of a board of supervisors in establishing a public road."

It follows that the petitioners for a public ditch who did not sign the bond are not liable to the county for the preliminary expenses incurred and paid by the county in cases where there is a failure to establish the ditch.

Order reversed, and a new trial granted.