## STATE EX REL. E. G. MINDER v. E. V. O'BRIEN.[1]

October 26, 1917.

No. 20,496.

**Judicial ditch — appointment of referee invalid.**

An order made by the judge of the district court, appointing a referee on all judicial ditches then pending or that might thereafter be instituted in such judicial district, is unauthorized by section 5571, G. S. 1913.

Upon the relation of E. G. Minder the district court of Murray county granted an alternative writ of mandamus commanding E. V. O'Brien, as auditor of that county, to issue to relator a county warrant on the treasurer for $711.90. On the return day the county attorney appeared specially and moved to dismiss the proceedings for want of jurisdiction. The matter was heard before Nelson, J., who made findings and ordered a peremptory writ to issue. From the judgment entered pursuant to the order for judgment, E. V. O'Brien, as County Auditor, appealed. Reversed.

*Ole Swanjord,* County Attorney, and *Murphy & Anderson,* for appellant.

*Seager & Seager,* for respondent.

[1]Reported in 164 N. W. 817.

PER CURIAM.

Appeal from a judgment of the district court of Murray county, adjudging that a peremptory writ of mandamus issue to appellant, E. V. O'Brien, as auditor of that county, commanding him to issue a county warrant for the sum of $711.90.

On February 2, 1916, the judge of the district court of the Thirteenth judicial district, comprised of five counties, by order, appointed relator as referee on all judicial ditches then pending or that might thereafter be instituted in that district. Under that appointment relator, between March 2 and June 28, performed services and incurred expenses in connection with the preliminary work on Judicial Ditch No. 4, then pending in Murray county, to the amount of $711.90.

On August 31, 1916, at the final hearing thereon, that ditch proceeding was dismissed by order of the court, upon the ground that the petitioners therefor refused to file a further bond as required by the court. On September 15, 1916, relator presented a verified statement of his claim to the judge of the district court for audit and allowance. The judge allowed the claim without any notice of hearing thereon being given to the county, and by order directed the auditor to issue a county warrant for the payment thereof. Relator presented the account so allowed to the auditor and demanded a county warrant. The auditor refused to issue the warrant. This action followed and finally judgment was entered directing a peremptory writ of mandamus to issue, requiring appellant, the county auditor, to issue the county warrant asked for. From that judgment this appeal was taken.

The order appointing relator as referee on all ditches in the district, is a mere nullity, being clearly unauthorized by the statute. The allowance of relator's claim is governed wholly by the decision of this court in State v. District Court, infra, page 204, 164 N. W. 815, holding the provision of section 5571 of the statutes invalid insofar as it provides for the allowing of claims against a county without notice of hearing thereon, as not being due process of law.

Judgment reversed.

HALLAM, J.

I concur in the result. I agree that the order appointing relator as

referee was unauthorized. My views as to the validity and application of section 5571, G. S. 1913, are stated in State v. District Court, infra, page 204, 164 N. W. 815.