STATE EX REL. COUNTY OF MURRAY AND OTHERS v.
DISTRICT COURT OF THIRTEENTH JUDICIAL
DISTRICT AND OTHERS.[1]

October 26, 1917.

No. 20,582.

**Judicial ditch — payment of engineer — due process of law — statute invalid.**

The legislature intended, by the provisions of G. S. 1913, § 5571, and the judicial ditch law as a whole, to make the county or counties in which a judicial ditch is proposed to be constructed primarily liable for the compensation and expenses of the engineer appointed by the court and of others who perform services in the proceeding, whether the ditch is established or the proceedings dismissed. Assuming without deciding that this would violate no constitutional provision, if the law provided for notice to the county, and a right and opportunity to be heard on the application to the court to allow, audit and order paid such compensation and expenses, if it does not so provide there is not due process of law. The provision in section 5571 that in case of a judicial ditch all "fees, per diem compensation and expenses * * * shall be audited, allowed and paid upon the order of the judge of the district court having charge thereof" provides for no notice to the county, no right or opportunity to be heard, nor does any other provision of the law. This provision is unconstitutional as not due process of law, and an order made thereunder is void.

Upon the relation of the county of Murray, E. V. O'Brien and E. V. O'Brien, as county auditor of that county, the supreme court granted its writ of certiorari directed to the district court of the Thirteenth judicial district for that county, the judge and clerk thereof, and C. W. Gove, to review the proceedings in that court for the establishment of Judicial Ditch No. 4, Nelson, J., and to stay the issue of a county warrant for the payment of the account of said Gove. Reversed.

*Ole Swanjord,* County Attorney, *Murphy & Anderson* and *Thomas Kneeland,* for relator.

*E. H. Nicholas,* for respondents.

[1]Reported in 164 N. W. 815.

Bunn, J.

This case is before the court on a writ of certiorari issued to review an order of the district court auditing and allowing at the sum of $6,160-.08 the account and claim of the engineer appointed in judicial ditch proceedings. The order under review was made ex parte and directs that the claim so audited and allowed be paid by the county of Murray, "as in such case provided by law." The ditch proceedings were instituted by the petitioners in May, 1914. They gave a bond in the sum of $1,000, conditioned, as required by statute, to pay all expenses in case the court should fail to establish the ditch. There was a first hearing on the petition, and the court appointed C. W. Gove as engineer to make a survey and report. Gove accepted the appointment, and entered upon the performance of his duties thereunder. He made a complete survey, and in July, 1915, made a full report of such survey to the court. Viewers were appointed, qualified, did their work and filed their report. There was a hearing on these reports, and the court in June, 1916, resubmitted the matter to the engineer and viewers with certain directions and suggestions. At the same time the court ordered the petitioners to file an additional bond in the sum of $750, and instructed the engineer and viewers not to proceed until such bond was filed, notifying the petitioners that if the bond was not filed the proceedings would be dismissed. The bond was not filed, and on August 31, 1916, on motion of certain of the objectors, the court dismissed the proceedings. The account and claim of the engineer was presented some eight months later, and was audited and allowed May 1, 1917. As already stated this order was made on ex parte application, neither the county of Murray nor the petitioners having notice thereof.

Relators attack the order under review on several grounds. They assail the regularity of the proceedings, including those leading up to the order appointing the engineer, and subsequent proceedings, and question the account on the merits; but the important contention is that the statute under which this claim was approved and ordered paid by the county, if it be construed to authorize such an order, is unconstitutional as not "due process of law."

Section 5571, G. S. 1913, after providing what fees and expenses shall

be allowed and paid for services rendered by the engineer and others under the act, declares that:

"All fees, per diem compensation and expenses provided for in this act * * * shall, in case of a county ditch be audited, allowed and paid upon the order of the county board. In case of a judicial ditch, such fees, per diem compensation and expenses * * * shall be audited, allowed and paid upon the order of the judge of the district court having charge thereof."

There is no hardship on the county when the ditch is established, as the expenses are included in the assessments. But when the proceedings are dismissed the situation is very different. If it is obliged to pay the expenses, and the bond of the petitioners is insufficient in amount to reimburse it, the county and its taxpayers will suffer a loss. That is the present case. We find no escape from holding that the legislature, by the above quoted provision of the statute, and the act as a whole, intended that the county should be primarily liable for the expenses incurred in judicial ditch proceedings, whether the ditch is finally established or the proceedings are dismissed. The idea undoubtedly was that when the ditch petitioned for is not established the petitioners who sign the bond and their sureties shall reimburse the county for the expenses so paid, to the amount of the bond. County of McLeod v. Nutter, 111 Minn. 345, 126 N. W. 1100. When, as in this case, the bond is wholly inadequate, the statute is silent as to how the county is to be reimbursed; and we see no way.

It is true that the engineer is not obliged to accept the appointment and might perhaps refuse to continue the employment until a sufficient bond was filed, thus to an extent protecting himself. But the statute seems to contemplate that he shall be paid irrespective of the amount of the bond. The case of County of McLeod v. Nutter, supra, is conclusive against the liability of the petitioners except as they signed the bond, and to the amount thereof only. The case assumes the primary liability of the county for the expenses.

It is argued that the county is not a party to the proceedings, and has no interest therein until the ditch is established. It is correct that the county is not formally a party, but in view of what was said in Van Pelt v. Bertilrud, 117 Minn. 50, 134 N. W. 226, and the various provisions

of the statute, it can hardly be held now that it was not intended that the county should be primarily liable for the expense, as well when the proceedings are dismissed as when the ditch is established. It is not a stranger to the proceedings. In addition to the published and posted notice of the hearing required to be given "to all persons interested," the statute (section 5553) provides that a copy of the petition filed with the clerk of the district court, certified by the clerk, shall be filed with the county auditor of each county wherein any of the lands are located. It is provided by section 5555 that a copy of the order appointing the engineer shall be transmitted to the auditor of each county. By section 5556 it is made the duty of the clerk of the court to prepare and transmit to each county auditor a certified copy of the viewers' report. It would seem that the county is as much of a party to the proceedings as are the land-owners whose property it is proposed to assess.

We hold that the legislature intended to make the county primarily liable for the expenses when the proceedings were dismissed. We will assume, without so deciding, that this would not violate any constitutional provision had the legislature provided for notice to the county of the application to the court to audit and allow the compensation and expenses of those who have performed services in the proceedings, a right to a hearing and an opportunity to be heard.

It is at once apparent that the quoted provision of the statute does not provide for notice to the county or any of its officers of the hearing on an application to the court to audit, allow, and order paid by the county the compensation and expenses of the engineer or any one who has performed services in the proceedings. The application is ex parte and there is given no right or opportunity to be heard on the part of the county. We find in respondents' brief the statement that the law provides that the bill of the engineer shall be filed with the county auditor. The provision in section 5527 for a filing with the auditor does not apply to judicial ditches. Section 5555 requires the bill to be filed with the clerk of the court, but there is no provision anywhere for notice of hearing. Is this due process of law?

It is a serious matter to declare unconstitutional an act of the legislature, but it is more serious that an individual or a municipality should be obliged to pay out over $6,000 without a chance of being reimbursed,

without any actual benefit, and without any opportunity to be heard. We have tried in vain to find some way to hold that the county had an opportunity to be heard on this bill at some stage of the proceedings. It had none that we can see, and none is provided for by the statute.

If the court's order approving the account and directing the county to pay it has any validity, it must be that the right to a review on certiorari or one on an appeal, if it were appealable, would not be such an opportunity to be heard as would make due process of law. The case would not be heard de novo here. State v. District Court of Hennepin County, 33 Minn. 235, 22 N. W. 625; Everington v. Board of Park Commrs. 119 Minn. 334, 138 N. W. 426. There was no more an opportunity for the county to be heard as to the propriety or reasonableness of the engineer's charges in this case than there was for the landowner in State v. McGuire, 109 Minn. 88, 122 N. W. 1120. Of course there can be no distinction between a municipality and an individual. We do not say that the legislature might not impose liability upon the county for expenses where the ditch is not constructed, but that the county is entitled to notice, a right to a hearing, and an opportunity to be heard. Pages of authorities might easily be cited, but it is unnecessary. We may refer however to Taylor, Due Process of Law, § 133, et seq., and the cases cited. We are wholly unable to escape the conclusion that the provision of the statute under which this bill of the engineer was audited and ordered paid is unconstitutional as not due process of law.

The suggestion that the district court is the agent of the county so that it is bound by the order, as it might be by an order of the board of county commissioners, is without merit. The court was the judicial tribunal, the county a necessary party to a controversy before it.

What remedies, if any, the respondent engineer may have to recover just compensation for his services, and expenses authorized by the statute, are questions not before us.

Our conclusion being that the order under review was void, as made pursuant to an unconstitutional provision of the statute, it is needless to consider other questions.

Order reversed.

HALLAM, J. (dissenting).

I concur in the view that expenses here sued for cannot properly be allowed by the court without notice to the county. I am not sure that they are proper to be allowed at all in a case where the proceeding is dismissed. But I do not agree that section 5571 or any part of it is unconstitutional.

First, in judicial proceedings, the legislature can provide that jurisdiction once acquired shall continue for all purposes until the proceeding is finally terminated, and no notice except the first is jurisdictional, or an essential to due process of law. McNamara v. Casserly, 61 Minn. 335, 343, 344, 63 N. W. 880.

Second, where a statute provides for an interlocutory hearing or proceeding, but does not provide for notice, a requirement of notice is implied. Paulsen v. Portland, 149 U. S. 30, 38, 39, 13 Sup. Ct. 750, 37 L. ed. 637; Gilmore v. Hentig, 33 Kan. 156, 5 Pac. 781; Baltimore & O. R. Co. v. P. W. & Ky. R. Co. 17 W. Va. 812, 835, and, if notice is given, the proceeding is in all respects regular and the statute operative. Gatch v. City of Des Moines, 63 Iowa, 718, 18 N. W. 310.

I think notice should be given of an application to fix and allow the fees authorized by section 5571, and that it should be such a notice as provided in section 5570, but I see no occasion for holding void the part of section 5571 which gives the district court power to determine the proper expense incident to judicial ditches, or, in fact, any part of that section. It will be observed that the part of the section declared void by the majority opinion applies to cases where the ditch is ordered and the expenses are to be assessed against the property benefited, as well as to the case where the proceeding is dismissed.

On November 23, 1917, the following opinion was filed:

PER CURIAM.

We are asked to grant a reargument or modify the opinion so that the statute providing that in case of a judicial ditch all fees, per diem compensation and expenses shall be audited, allowed and paid upon the order of the judge of the district court having charge thereof shall not be held

138 M—14

unconstitutional if notice is given to the county. The motion for reargument is denied, as is the motion to modify the opinion. But it may be understood that the question whether an order made under the statute would be valid if proper notice was given by order to show cause or otherwise of the application to the court is left open, to be determined when a case shall come before us where such notice has been given.