STATE EX REL. KOHLER CONTRACTING COMPANY v. KARL A. HANSEN AND ANOTHER.[1]

April 5, 1918.

No. 20,903.

**Judicial ditch — county an agent of the state — due process of law — act valid as to notice to county.**

Under the drainage law the county is an agency of the state in a judicial ditch proceeding in working out the drainage project. It is not a party, in the sense that a landowner is, nor in a proprietary capacity, nor are its property interests affected as are those of a landowner who is assessed for benefits, nor is it a party to the proceeding at all except as an agency of the state charged with the financing and working out of the project. The statute (G. S. 1913, § 5541), requires the auditor to issue warrants upon the preliminary or progress certificates of the engineer in charge. It does not provide for notice to the county. The statute is not unconstitutional for want of due process because it does not require notice and notice need not be given; nor is it unconstitutional because it does not provide for the service of notice upon the county

[1]Reported in 167 N. W. 114.

of the institution of the proceeding sufficient to constitute due process against one a party in a proprietary capacity.

Upon the relation of the Kohler Contracting Company the district court for Lincoln county granted its alternative writ of mandamus directed to Karl A. Hansen, as county auditor of that county, commanding him to cause to be drawn a warrant for $1,539.60 on the county treasurer, according to the engineer's certificate, the warrant to be drawn upon the general drainage fund, and to deliver the same to the Kohler Contracting Company, or show cause why he had not done so. The county of Lincoln was granted leave to appear and defend. The defendants made separate returns to the writ. From an order, Olsen, J., sustaining relator's demurrer to the answers and returns to the alternative writ, defendants appealed. Affirmed.

*Louis P. Johnson,* for appellants.

*Frank E. Putnam* and *F. J. McPartlin,* for respondent.

DIBELL, C.

Mandamus to the auditor of Lincoln county. The relator demurred to the answer of the auditor and the county. The demurrer was sustained and the auditor and the county appealed.

The relator is the contractor for the construction of a judicial ditch. The engineer gave it a preliminary or progress certificate for work done. By G. S. 1913, § 5541, it is made the duty of the auditor to issue a warrant upon the presentation of the certificate. He refused. His refusal is based upon the claim that the statute is void for want of due process because it does not provide for notice to the county of the application for the warrant; and further, if we get his position, because it does not provide for a notice to the county of the institution of the proceeding sufficient to constitute due process. That section 5541 does not require notice to the county of the application for a warrant was held as a matter of statutory construction in Moody v. Brasie, 104 Minn. 463, 116 N. W. 941. The question of constitutionality was not suggested.

In the drainage scheme of the statute the county is an agency of the state. State v. George, 123 Minn. 59, 142 N. W. 945; Van Pelt v.

Bertilrud, 117 Minn. 50, 134 N. W. 226; Bowler v. County of Renville, 105 Minn. 26, 116 N. W. 1028. The state may impose upon the county and its officers such duties as are appropriate to the working out of the drainage project. It requires the county to finance the undertaking. If all goes well assessments for benefits will pay the cost of the project. If loss occurs to the county it is incidental to its position as an agency of the state, and such loss carries no suggestion of want of due process. It is clear that the failure to provide for notice to the county in connection with a preliminary or progress certificate, or the issuance of a warrant, does not render the statute unconstitutional for want of due process; nor does such result follow from the failure of the state to provide for service of notice of the ditch proceeding upon the county such as might be necessary to make one a party in a strict or the usual sense. The county is not a party, in the sense that a landowner is, nor in a proprietary capacity, and its property interests are not involved as are those of a landowner whose land is affected by assessments, nor is it a party to the proceeding at all except as an agency of the state charged with the financing and working out of the project. Because of such duties cast upon it the statute requires notice of the proceeding to be filed with the auditor. G. S. 1913, §§ 5553-5561. It is still merely an agency of the state. Viewed as such it is its duty to follow the statute. It is not in the position of a property owner, whose property is taken or affected, it is not an adversary, and the question of the sufficiency of notice to constitute due process is not present. Whether G. S. 1913, §§ 5553, 5555 and 5556, provide for sufficient notice to the county if it were necessary to sustain the proceeding as one against the county in a proprietary capacity, as a party, it is not of interest to consider. That is not what the statute intends. In State v. District Court of Thirteenth Judicial District, 138 Minn. 204, 164 N. W. 815, reference was made to the complete character of the notices and their sufficiency for the purposes intended. It was there held that G. S. 1913, § 5571, intended that the county should be liable for engineers' expenses and the like, though the ditch was not established and that so construed, and when notice to the county was not given, an order for their payment was invalid for want of due process; for, as was there said, the county was a

necessary party to the controversy over it; and it was left for future decision whether an order would be valid if made after due notice to the county and an opportunity to be heard upon an order to show cause or its equivalent. Nothing more was decided. The question whether the county was a party to that proceeding prior to the dismissal thereof, and the subsequent allowance of the bill of costs incurred therein, interested or otherwise, was not involved in that case. There was no intention of deciding it. It is clear that the county was not there an interested party, until it was dragged in by the ex parte order of the court allowing the claim against it. There is no intimation that when a ditch is regularly established the auditor is justified because of want of due process in refusing to issue warrants on progress certificates for the reason that the statute does not provide for notice to the county of the application and none is given. Very clearly he is not.

There is no doubt whatever of the constitutionality of the statute assailed.

Order affirmed.


HALLAM, J. (concurring).

I concur in the result on the following grounds:

This ditch was constructed under a contract in writing between relator as party of the first part and Lincoln county as party of the second part. No question is raised as to the validity of the contract. None could be raised. The proceedings up to that point were unquestionably regular. The contract was valid, unless the whole drainage law is void, and it is not. The statute (section 5541), which enters into the contract, provides that payments shall be made to the contractor on progress certificates of the engineer in charge. There can be no question as to the validity of such provision. They are common, necessary to expeditious transaction of construction business, and do not contravene any public policy. Leighton v. Grant, 20 Minn. 298 (345), 33 Minn. 484, 24 N. W. 297. There is no hearing or trial before the engineer. Notice that he is to issue a certificate is not required by the contract or the statute. Provision for such notice is not necessary to the validity of the contract, 70 Ill. 420; 61 Mich. 28,

27 N. W. 850; 187 Mass. 25, 72 N. E. 347; 11 Gill. & J. 58; 9 Corpus Juris, 770, nor to the validity of the statute.

It seems to me nothing more is involved in this case. Whether the county is a "party" to a drainage proceeding is of no consequence in this case. In State v. District Court of Thirteenth Judicial District, 138 Minn. 204, 164 N. W. 815, it was said that the county is a party. The majority decision in this case holds that it is not. The result is the same in either event. It is a party to the contract. The contract is a good one. In connection with the statute, it determines that the rights of relator are as relator claims them to be.