# IN THE MATTER OF JUDICIAL DITCH PROCEEDING NO. 4, MURRAY COUNTY, MINNESOTA.

## C. W. GOVE v. COUNTY OF MURRAY.[1]

October 15, 1920.

No. 21,665.

**Appealable order.**

1. An order requiring a county to show cause why a bill against it should not be paid, being a final order affecting a substantial right made in the special proceeding, in view of G. S. § 8001, subd. 7, is appealable.

**Judicial ditch — audit of claim against county — case followed.**

2. The decision in State ex rel. County of Murray v. District Court of Thirteenth Judicial District, 138 Minn. 204, holding unconstitutional as not affording due process of law, that portion of section 5571, G. S. 1913, which provides that in judicial ditch proceedings claims against a county shall be audited and allowed by the district judge after dismissal of the proceedings, without providing notice to the county, is followed and adhered to.

**Rights of parties determined by statute, not by order of court.**

3. No vitality can be given to the statute and no effect given to proceedings under it by the issuance of an order to the county to show cause why the claim should not be paid. The law itself must save the rights of the parties.

After the former appeal reported in 138 Minn. 204, 164 N. W. 815, the county of Murray objected to the application of C. W. Gove for an order fixing a time and place for the audit and allowance of his claim for services as engineer, on the ground that the statute under which it was instituted was unconstitutional and that the court was without jurisdiction. The matter was heard by Callaghan, J., acting at the request and in the place of Nelson, J., who dismissed the order to show cause obtained by C. W. Gove. From the order of dismissal, C. W. Gove appealed. Affirmed.

[1] Reported in 179 N. W. 569.

*E. H. Nicholas* and *H. H. Dunn,* for appellant.
*Murphy & Anderson* and *W. A. Tierney,* for respondent.

HALLAM, J.

In Judicial Ditch Proceedings Number Four (4) of Murray county, appellant, C. W. Gove, was duly appointed engineer. On August 31, 1916, the ditch proceeding was dismissed. On April 10, 1917, appellant presented to the judge of the district court of Murray county a bill for his services and expenses as such engineer, and the judge, acting under G. S. 1913, § 5571, audited the bill and ordered it paid. This order was reviewed by this court on certiorari and was reversed. State ex rel. County of Murray v. District Court of Thirteenth Judicial District, 138 Minn. 204, 164 N. W. 815. On January 3, 1918, appellant procured an order returnable January 11, 1918, requiring the county to show cause why the bill should not be paid. On the return day the county objected to the proceeding, on the ground that the statute under which it was instituted was unconstitutional, and that the court was without jurisdiction.

Before the court ruled upon the objection, evidence was taken, subject to the objection. The court finally sustained the objection to the jurisdiction and dismissed the order to show cause. The claimant appealed.

1. In our opinion the order is appealable. It is a final order affecting a substantial right made in a special proceeding. G. S. 8001, subd. 7. It ended the proceeding and that constitutes finality. Rondeau v. Beaumette, 4 Minn. 163 (224).

Both parties and the court appear to have regarded the appearance of the county as a special appearance for the purpose of raising objection to the jurisdiction and in view of this fact we will so regard it.

2. When this case was before this court on the former appeal, it was held that the legislature intended that the counties should be primarily liable for the expenses incurred in judicial ditch proceedings when the proceeding is dismissed. The court declined to say "that the legislature might not impose liability upon the county for expenses where the ditch is not constructed," but the court did hold that the portion of section 5571, which in substance provides that, after the ditch proceeding is dismissed, such claims shall be audited, allowed and paid upon the

order of the judge of the district court, is "unconstitutional as not due process of law," because the statute "provides for no notice to the county, no right or opportunity to be heard" on an application to the court to audit and allow such claims and order them paid. On motion for reargument, the court was asked to modify the opinion so that the statute shall not be held unconstitutional if notice is given to the county. "The motion to modify the opinion" was denied. The writer of this opinion did not concur in the view that this statute is unconstitutional, but the decision was the well-considered decision of the majority of the court and there seems no occasion to reopen that question. The decision was explicit that the portion of section 5571, under which this application is made, is unconstitutional as applied to parties in the relation of the parties of this appeal, that is, as applied to an application to the court after the ditch proceeding has been dismissed.

In Baugh v. County of Norman, 140 Minn. 465, 168 N. W. 348, it was held that, during the course of the ditch proceeding the court may, on application made on notice, order payment of the fees of the engineer and his assistant out of funds raised by assessment. Distinction was there drawn between such an application, made during the course of a pending proceeding, and this one, made after the proceeding has terminated and the parties are out of court.

3. In disposing of the motion to modify the opinion on the former appeal, the court said: "It may be understood that the question whether an order made under the statute would be valid if proper notice was given by order to show cause or otherwise of the application to the court is left open."[1] The question "left open" does not present any serious difficulty. The statute being unconstitutional, no vitality can be given to it, and no effect given to proceedings under it, by the issuance of an order to show cause. The constitutionality of a statute does not depend upon the acts of parties nor upon an order of a court. If the statute offends against the Federal constitutional requirement of due process of law, it is a nullity, and it cannot be mended by parties or courts. The law itself must save the rights of the parties. The notice that is required to satisfy the requirement of due process of law must be provided as an essential part of the statutory provision and not awarded as a mere matter of favor or grace. These propositions are well settled. Security

[1][138 Minn. 210]

Trust & S. V. Co. v. Lexington, 203 U. S. 323, 27 Sup. Ct. 87, 51 L. ed. 204; Central of Georgia Ry. Co. v. Wright, 207 U. S. 127, 28 Sup. Ct. 47, 52 L. ed. 134, 12 Ann. Cas. 463; Louisville & N. R. Co. v. Central Stockyards Co. 212 U. S. 132, 29 Sup. Ct. 246, 53 L. ed. 441; Coe v. Armour Fertilizer Works, 237 U. S. 413, 35 Sup. Ct. 625, 59 L. ed. 1027. It follows that the court was right in holding that it acquired no jurisdiction and in dismissing the proceedings.

Order affirmed.

DIBELL, J. (dissenting.)

I am unable to concur in the view that State ex rel. County of Murray v. District Court of Thirteenth J. D. 138 Minn. 204, 164 N. W. 815, concludes us upon the question of the constitutionality for want of due process of the portion of G. S. 1913, § 5571, referred to in the opinion, and that the question whether compensation might be allowed the engineer upon proper notice to the county is foreclosed.

In the case cited, which involved the ditch proceeding here involved, the majority opinion held the statute unconstitutional for want of due process because it made no provision for notice. The order then under review was made ex parte. The order now under review was made upon notice. Justice Hallam dissented upon the question of constitutionality. His views were these:

"First, in judicial proceedings, the legislature can provide that jurisdiction once acquired shall continue for all purposes until the proceeding is finally terminated, and no notice except the first is jurisdictional, or an essential to due process of law."

"Second, where a statute provides for an interlocutory hearing or proceeding, but does not provide for notice, a requirement of notice is implied. * * * And, if notice is given, the proceeding is in all respects regular and the statute operative."

A motion for reargument was made. It followed the suggestion of Justice Hallam's dissent. Counsel acceded to the proposition that compensation could not be given except upon proper notice, and, apparently having in mind the situation now before us, asked a holding that there would be due process if proper notice were given. Such a holding would not have changed the result, for notice had not been given. In

the opinion nothing was said about the possible effect of a proper notice. It was not argued in the briefs, for none had been given. The motion, referred to as a motion for reargument and to modify the opinion, was denied in a Per Curiam of which the following was the closing paragraph:

"But it may be understood that the question whether an order made under the statute would be valid if proper notice was given by order to show cause or otherwise of the application to the court is left open, to be determined when a case shall come before us where such notice has been given."

This portion of the opinion invited an understanding by the bar that the question, if it ever should arise, whether compensation might be allowed upon proper notice was "left open" for decision; indeed the Per Curiam said it was. The court understood it so. A few months later, in State v. Hansen, 140 Minn. 28, 167 N. W. 114, it said:

"In State v. District Court of Thirteenth Judicial District, 138 Minn. 204, 164 N. W. 815, reference was made to the complete character of the notices and their sufficiency for the purposes intended. It was there held that G. S. 1913, § 5571, intended that the county should be liable for engineers' expenses and the like, though the ditch was not established and that so construed, and when notice to the county was not given, an order for their payment was invalid for want of due process; for, as was there said, the county was a necessary party to the controversy over it; and it was left for future decision whether an order would be valid if made after due notice to the county and an opportunity to be heard upon an order to show cause or its equivalent. Nothing more was decided."

A little later, in Baugh v. County of Norman, 140 Minn. 465, 168 N. W. 348, the question was treated as still open, with a strong intimation that notice, such as suggested in Justice Hallam's dissenting opinion, would constitute due process, Justice Holt, who wrote the opinion, saying:

"It is contended that the decision in State v. Thirteenth Judicial District, 138 Minn. 204, 164 N. W. 815, declared the quoted part unconstitu-

tional, therefore no valid judgment can be rested upon the procedure therein authorized. That decision involved a case where, after the dismissal of the drainage proceeding, the court, without notice to the county, ordered the payment of engineer's fees in a sum greatly in excess of the amount of the petitioner's bond. And it was held that the provision violated the due process of law requirement of the Constitution insofar as it contemplated fixing, on an ex parte application, a personal liability against the county for the preliminary expenses where the proceeding had been dismissed for failure of the petitioners to give an adequate bond. But, the reservation made upon the denial of the petition for a rehearing and the trend of the decision in State v. Hansen [140 Minn.] 28, 167 N. W. 114, indicate that the procedure adopted in the case at bar, to obtain payment from the appellant county, does not lack the due process of law feature."

It seems to me that much can be urged in support of the correctness of the view expressed in Justice Hallam's dissent upon the constitutional question. If we considered arguments pursuant to what Justice Holt terms "the reservation made upon the denial of the motion for a rehearing" we might be in accord. But it is now held that the question mentioned in the Per Curiam as one left open, is concluded by the opinion to which it is appended. It is not held that the requirement of a notice, which all agree is essential, ought not to be implied in the statute, nor that upon the giving of a proper notice it ought not to be held that there was due process; it is held that we cannot inquire.

The construction by which the court concludes itself from inquiring into an important question of law is, it seems to me, a strained construction of its own opinion, and it results in holding a statute unconstitutional for want of due process without a hearing of counsel or a consideration of the argument on which it is sought to sustain it.

QUINN, J.

I concur in the dissent of Justice Dibell.