## CHARLES O. KALMAN AND ANOTHER v. COUNTY OF GRANT.[1]

June 4, 1926.

No. 25,402.

**Statute not invalid when applied to proceeding which has not been dismissed.**

1. The provision of G. S. 1913, § 5571, for the court to audit and allow claims without notice to the county is not unconstitutional when applied to a pending proceeding as distinguished from such application in a proceeding which has been dismissed as in State v. District Court, 138 Minn. 204.

A dismissal of a proceeding relinquishes all jurisdiction.

**When claimant may recover of county in legal action.**

2. In the absence of a valid statute authorizing the auditing and allowance of such claims the claimant may recover in an action at · law against the county.

County warrants are not negotiable under the law merchant but the transferee takes them subject to all defenses which existed against them in the hands of the payee.

Constitutional Law, 12 C. J. p. 1229 n. 28.
Counties, 15 C. J. p. 602 n. 75.
Drains, 19 C. J. p. 693 n. 74.

---

See note in 36 A. L. R. 952.

[1]Reported in 209 N. W. 638.

Plaintiffs appealed from an order of the district court for Grant county, Flaherty, J., denying their motion for a new trial after findings in favor of defendant in an action to recover on county warrants. Reversed with directions to enter judgment in favor of plaintiffs.

*Ambrose Tighe*, for appellants.

*Clifford L. Hilton*, Attorney General, *Victor E. Anderson*, Assistant Attorney General, and *R. J. Stromme*, County Attorney, for respondent.

WILSON, C. J.

Plaintiffs appealed from an order denying their alternative motion for an amended conclusion of law and order for judgment or for a new trial.

In a pending judicial ditch proceeding in Grant county the engineer in charge presented bills for his services and expenses including the services of his assistants and the court audited and allowed the same. Thereafter and pursuant thereto the county auditor issued warrants for the amounts. The claims were correct in amount for work actually performed and expenses incurred. Plaintiffs in good faith purchased the warrants at par, the warrants aggregating $1,746.25 and they were assigned to the plaintiffs. The defense was that the district court was without jurisdiction to audit and allow the bills because the provision of the statute assuming to give such authority was unconstitutional.

1. G. S. 1913, § 5571 (L. 1911, p. 557, c. 384, § 11), provided that all fees per diem, compensation and expenses provided in the drainage act should be, in case of a judicial ditch, audited and allowed by the district court having charge thereof. Because this statute did not provide notice to the county of the hearing on the application to the court to audit and allow bills for such expense, this court in State v. District Court, 138 Minn. 204, 164 N. W. 815, having under consideration the audit and allowance of such claims in such a proceeding which had been dismissed, held it, to that extent, to be unconstitutional as not "due process of law." "The county was not

there an interested party until it was dragged in by the ex parte order of the court allowing the claim against it." State v. Hansen, 140 Minn. 28, 167 N. W. 114. In the Hansen case it was held that the statute (G. S. 1913, § 5541), requiring the auditor to issue warrants upon the preliminary or progress certificates of the engineer without notice to the county was constitutional. The Gove case (138 Minn. 204, 164 N. W. 815), was distinguished by showing that it related to a situation wherein it was a necessary party to the controversy over the matter of payment, and it was there said that whether the county had been a party to the proceeding in the Gove case before dismissal was not involved. The limitation of the opinion in the first Gove case (138 Minn. 204, 164 N. W. 815), to cases where the proceedings had been dismissed was emphasized in the second Gove case (147 Minn. 24, 179 N. W. 569), as well as in the case of Baugh v. County of Norman, 140 Minn. 465, 168 N. W. 348.

In the Gove case (138 Minn. 204, 164 N. W. 815), it was said that the legislature intended that the county should be primarily liable for such expense as here involved, whether the ditch is established or the proceedings dismissed. It was there said that the county is not a stranger to the proceedings and attention has been called to the statute (G. S. 1913, §§ 5553, 5555, 5556), requiring certified copies of the petition, order appointing the engineer, and viewers report to be filed with the auditor. 138 Minn. 207, 164 N. W. 815, 140 Minn. 30, 167 N. W. 114. The county is a party only as an agency of the state charged with the financing and working of the project. It is the duty of the county to handle the project. If loss occurs it is incidental to its status as an agency of the state. State v. Hansen, supra. This was followed in the third Gove case. Gove v. County of Murray, 161 Minn. 66, 200 N. W. 833. The county as such agency may sue the contractor or its surety. County of Blue Earth v. Nat. Surety Co. 164 Minn. 390, 205 N. W. 277. The theory is that the petitioner's bond will protect the county. Notice is now required by virtue of the Laws of 1919, p. 619, c. 471, § 11; G. S. 1923, § 6734.

Of course in the absence of personal appearance there must be a preliminary service of summons or process as a prerequisite to the

court's right to hear a controversy. Bardwell v. Collins, 44 Minn. 97, 46 N. W. 315, 9 L. R. A. 152, 20 Am. St. 547. A public ditch proceeding is a proceeding in rem. Jurisdiction is acquired by the filing of the proper petition and by publishing, posting and mailing of notices. County of Martin v. Kampert, 129 Minn. 151, 151 N. W. 897. Jurisdiction being complete, the court may carry out the project without giving any notice not required by the statute. Jurisdiction thus acquired is ample if the court "carries on" and retains the jurisdiction so acquired. This is sufficient until a dismissal of the proceedings, which relinquishes all jurisdiction. When an action is dismissed no one is in court and a party cannot thereafter be brought into the case without notice. In the first Gove case the trial court attempted to dismiss and yet retain jurisdiction for the purpose of auditing and allowing bills, but this attempt was futile. The dismissal was effectual for all purposes. We are of the opinion that, when jurisdiction has been acquired in a proceeding of this character, notice of subsequent proceedings prior to its conclusion is not a matter of constitutional right but of statutory provision. In a county ditch the claims for such expenses are allowed without notice to anyone. If the proceeding is dismissed the petitioners or their sureties will have to pay. Yet they get no notice. If the ditch is established the property owners have to pay, yet they get no notice to be heard in opposition to the allowance.

We conclude that the statute is unconstitutional as announced in the first Gove case (138 Minn. 204, 164 N. W. 815), only when invoked or applied to a case in which the proceeding has been terminated by a dismissal. It may well be said that the test of the statute as an auditing measure is the pendency of the proceedings at the time of the audit. So long as the court retains the jurisdiction originally acquired, it may audit and allow such claims without notice and not violate the due process clause. This conclusion finds some support in McNamara v. Casserly, 61 Minn. 335, 63 N. W. 880; Hanson v. Nygaard, 105 Minn. 30, 117 N. W. 235, 127 Am. St. 523; State v. Canfield, 40 Fla. 36, 23 South. 591, 42 L. R. A. 72.

2. In the absence of a valid provision for auditing such claims, we see no reason why such claimant should not be permitted to re-

cover in an ordinary action the amount due, honestly incurred. The county as an agency of the state must not repudiate its contractual obligations nor those which the legislature has seen fit to impose and it presumably is protected by the petitioners and their sureties.

The warrants owned by plaintiffs are not negotiable in the sense that the holder gets them free from the defenses available to the debtor against the original payee. Scott County v. Advance-Rumley T. Co. 288 F. 739, 36 A. L. R. 937. All such defenses are available as against the purchasers thereof. Ordinarily they make a prima facie case of liability. They have no greater effect. They are not negotiable under the law merchant. The transferee takes them subject to' all defenses which existed against them in the hands of the payee. Wall v. Monroe, 103 U. S. 74, 26 L. ed. 430; 36 A. L. R. 952; Dana v. San Francisco, 19 Cal. 486.

In this case the county could show any defense it might have. But it concedes and the court has found that the engineer's claims were correct in amount and for services and expenses actually given and incurred. It has no defense other than the claim that the law authorizing the auditing and allowance was unconstitutional. Assuming this, though we have upon the facts in this case decided to the contrary, the defense would relate exclusively to the warrants as such. If we were to say such warrants were invalid for that reason we would nevertheless have to recognize them together with plaintiffs' purchase thereof for par as a complete assignment of claimant's demands against the county and upon the stipulated facts in this case and the facts as found by the court plaintiff as such assignee should recover. This is not because the indorsement passes the legal title of the warrants but because in equity the indorsement will be deemed to be an assignment of the original debt to which the warrants relate. It is sufficient authority for the assignee to receive the money. The warrants are not intended to constitute a new debt or evidence of a new debt. They are merely the means prescribed by law for drawing the money from the county. The record fails to show a single reason why the county should not pay the meritorious claims on which the warrants are based. The

debt is an honest one. The county in the capacity in which it is here acting received the value thereof. The ground of recovery upon this theory need not rest upon any of the various theories indicated in the decisions in appellant's brief relating to liability of municipalities for benefits received under invalid contracts. In this case, still assuming the auditing statute was unconstitutional, there was no invalid contract. The engineer had a valid contract by virtue of his appointment, expressly authorized by law, and his acceptance. Upon the facts herein he, in the absence of plaintiffs, should recover. Plaintiffs for the purpose of this action take his place. Defendant should pay in the performance of the engineer's contract regardless of the technical invalidity of the warrants had they been issued without authority of law.

Reversed with directions to enter judgment for plaintiffs.