COUNTY OF RICE v. PETER E. LaCROIX AND OTHERS.[1]

June 22, 1928.

No. 26,628.

**Payment of expenses for county ditch after dismissal of proceedings.**
  1. Under the facts in this case a county board could allow bills for costs and expenses in a county ditch proceeding and compel petitioners to pay the same after a dismissal of the proceedings.

**Notice to petitioners unnecessary—when decision of county board is final.**
  2. In a county ditch proceeding claims for expenses may be al-

[1]Reported in 220 N. W. 157, 958.

lowed without notice to petitioners. Right of appeal to the district court is allowed by statute. In the absence of fraud or mistake, the determination by the county board is final unless such appeal is taken.

Drains, 19 C. J. p. 676 n. 98; p. 678 n. 38.

Action in the district court for Rice county to recover of defendants, petitioners in a ditch proceeding, $2,203.18, representing costs and expenses incurred by plaintiff in connection with the establishment of the proposed ditch. There were findings for the plaintiff, and defendants appealed from an order, Senn, J. denying their motion for a new trial. Affirmed.

*Charles C. Kolars* and *Francis J. Hanzel,* for appellants.

*Thomas H. Quinn,* County Attorney, and *J. W. LeCrone,* Assistant County Attorney, for respondent.

HILTON, J.

Appeal from an order denying a motion for a new trial.

In September, 1920, appellants filed in the office of the county auditor of Rice county a petition for a public ditch to be known as county ditch No. 18. The petition, among other things, contained this provision:

"The undersigned agree to pay to said County all costs and expenses which may be incurred in case these proceedings are dismissed or for any reason no contract for the construction of said proposed County Ditch is let."

This action is to recover for costs and expenses incurred and paid by the county in the ditch proceedings, the petition having been dismissed by the county board and no contract let.

The case was tried to the court without a jury. The trial court, among other things, found in effect the following facts: That the board of county commissioners considered said ditch petition and duly appointed an engineer to make a complete survey of the line of said ditch, and that in accordance with that appointment the engineer made a complete survey and report and filed the same according to law; that said board duly appointed viewers to ex-

amine the land described in said petition and engineer's report, and that the viewers did examine the land and made a detailed report thereon; that the report of the engineer was made on or about the third day of February, 1921; that upon the report of the engineer and viewers the county commissioners duly held a hearing to consider said matter and upon such consideration the commissioners, on March 17, 1921, duly passed a resolution dismissing the petition and refused to permit the establishment of the ditch; that an appeal was taken by petitioners to the district court from the order of the commissioners refusing to lay out and establish the ditch; that an order was made on June 22, 1922, by the district court affirming the decision of the commissioners. The court further found that by reason of the proceedings the county incurred an expense of $2,203.18, that the said amount was paid by the county, and that no part had been repaid to the plaintiff by the defendants or any of them.

The findings of the court are sufficiently supported by the evidence. The court found as conclusions of law that plaintiff was entitled to a judgment for the amount stated with interest thereon. Motion for new trial was made containing 23 assignments of error, from the denial of which motion an appeal is taken here. Most of the assignments have to do with the receiving of documentary evidence. Further statement of facts as may be necessary will be given in the opinion.

The various contentions of the defendants will be considered in the order in which they are advanced.

1. Defendants claim that the county board lost jurisdiction of the proceedings because of a dismissal thereof on March 17 and that it was without power thereafter to allow bills for costs and expenses (the subject matter of this action) and compel defendants to pay the same.

There is some dispute in the evidence. The county board at first voted to dismiss the petition on the ground that the cost of the project would exceed the estimated benefits and damages. Thereafter, upon a question's being raised as to whether such grounds

were authorized by statute, the motion was in effect reconsidered and the minutes of the board are as follows: "On motion further consideration of the said petition was postponed to March 17, 1921, to the hour of 10 o'clock a. m., at which time the following resolution was then adopted by the board:" This resolution dismissed the ditch petition upon the ground that it appeared "to the board that said proposed improvement is not practical and that no plan is reported by the engineer whereby it can be made practical and that the same is not of public benefit or utility." The minutes further show that "all claims in said matter were ordered to be presented to the board for allowance at their next special meeting." The board then adjourned sine die.

There is a contention between the parties whether the resolution was passed on the 16th or 17th and whether the bills were allowed before or after the proper dismissal of the petition. We think that the record is sufficient to show that the bills were allowed prior to the final order dismissing the petition; but be that as it may, we are of the opinion that it was within the power of the county board to allow proper bills for costs and expenses even after the dismissal. Kalman v. County of Grant, 167 Minn. 458, 209 N. W. 638.

2. The defendants contend that even if the board did not lose jurisdiction of the proceeding and of the petitioners upon the dismissal, it could not thereafter legally allow bills for costs and expenses without giving notice to the petitioners of its intention so to do and affording petitioners an opportunity to contest the allowance of such claims. Plaintiff argues that the defendants had actual notice because the minutes of the different meetings show that they attended and took part in all of the proceedings, both in person and by attorney, and knew of the action of the board. Constructive notice is claimed because of the official publication of the commissioners' proceedings.

Defendants' counsel cite certain decisions of this court in certain judicial ditch proceedings. State ex rel. County of Murray v. District Court, 138 Minn. 204, 164 N. W. 815; Kalman v. County of Grant, 167 Minn. 458, 209 N. W. 638; Gove v. County of Murray, 147 Minn. 24, 179 N. W. 569.

A distinction exists between judicial and county ditch proceedings. In the former, "the county is not a party, in the sense that a landowner is, nor in a proprietary capacity, and its property interests are not involved as are those of a landowner whose land is affected by assessments, nor is it a party to the proceeding at all except as an agency of the state charged with the financing and working out of the project." State ex rel. Kohler Contr. Co. v. Hansen, 140 Minn. 28, 30, 167 N. W. 114. The defendants here were the petitioners who initiated the proceedings and were parties thereto and so remained, even after the dismissal, for the purpose of being required to make good on their promise to pay the costs and expenses.

The point here being considered has been determined adversely to defendants' contention. Kalman v. County of Grant, 167 Minn. 458, 461, 209 N. W. 638, in which it is said:

"We are of the opinion that, when jurisdiction has been acquired in a proceeding of this character [judicial ditch], notice of subsequent proceedings prior to its conclusion is not a matter of constitutional right but of statutory provision. In a county ditch the claims for such expenses are allowed without notice to anyone. If the proceeding is dismissed the petitioners or their sureties will have to pay. Yet they get no notice. If the ditch is established the property owners have to pay, yet they get no notice to be heard in opposition to the allowance."

G. S. 1923, § 6734 (G. S. 1913, § 5571) provides that any person aggrieved by any order of a county board relative to allowance of fee or fees and expenses can appeal to the district court and have a speedy trial by jury. Such appeal shall be taken within 30 days after the order allowing such claim.

At the time the petition was filed, L. 1919, p. 607, c. 471 (now found as G. S. 1923, § 6734) was in full force and effect. It provided for fees and expenses such as were allowed in this proceeding. It is the same section that provides for an appeal. Petitioners were charged with knowledge of this law and are bound by it. Their undertaking and agreement was to make payment. They must do so.

The county board in allowing these claims acts in a quasi judicial capacity. In the absence of fraud or mistake, its determination becomes final unless an appeal is taken within the statutory time. State ex rel. Devine v. Peter, 107 Minn. 460, 120 N. W. 896; Penney v. County of Hennepin, 139 Minn. 148, 151, 165 N. W. 965. Petitioners cannot now successfully assert that some of the items so allowed were not proper ones. In this connection it may be stated that the trial judge reached the conclusion that upon their merits the fees and expenses allowed were proper. This conclusion of the court is amply supported by the evidence.

We have considered appellants' criticism of the findings of fact and conclusions of law relative to the appointment of the engineer and the report made by him, particularly with reference to the outlet and also as to the payment for services rendered by him and those whom he employed on the work, and also claimed errors as to rulings on admission of evidence. We find nothing in these objections that warrants a reversal.

Order affirmed.

ON PETITION FOR REHEARING.

On August 3, 1928, the following opinion was filed:

PER CURIAM.

In the petition for rehearing it is claimed that the findings of fact made by the trial court and adopted by us are incorrect in several particulars. The entire settled case was not printed in the record filed here but was obtained by us after the opinion was written. The resolution of the county board (plaintiff's exhibit 2) by its terms appointed viewers, but no action was taken by them or report made. The resolution appointing the engineer instructed him to make an accurate survey and to file his report; the report made by him was a preliminary one and not final. Under the proved facts in this case the decision must stand.

Petition denied.