# JOHN ASPELIN v. COUNTY OF MURRAY.[1]

October 20, 1911.

Nos. 17,381—(160).

**Appeal dismissed.**

No appeal lies from a judgment establishing a county ditch.

[1]Reported in 132 N. W. 749.

Appeal from a judgment in the district court for Murray county pursuant to the findings and order of Olsen, J., affirming the order of the county board establishing County Ditch No. 20. Respondent's motion to dismiss the appeal was granted.

*Janes & Janes* and *B. H. Whitney,* for appellant.

*James H. Hall* and *A. E. Boyeson,* for respondent.

PER CURIAM.

This matter comes before this court upon the motion of the respondent to dismiss the appeal taken by the appellant herein, on the ground that the same is not authorized by statute. This is a county ditch proceeding. The ditch involved will affect one or more meandered lakes. The board of county commissioners made its order locating and establishing the drainage ditch. From this order, the appellant herein appealed to the district court of Murray county. Thereafter, upon a trial de novo in the district court, an order was entered, affirming the order of the county commissioners establishing said ditch, and judgment was entered thereon. From that judgment, an appeal was taken to this court.

The appellant relies upon section 41, c. 230, p. 335, Laws 1905, as authorizing an appeal from the judgment establishing the ditch. That section contains the provision: "Any party may appeal from the judgment or any appealable order of the district court to the supreme court in the same manner as appeals in civil actions are taken."

It appears from an examination of section 41, together with sections 39 and 40, in connection with the other provisions of chapter 230, that section 41 does not authorize an appeal from an order establishing a ditch; the provisions of that section relating wholly to the proceedings authorized by section 39, for assessing damages for injury to land occurring subsequent to the construction of a ditch.

Section 12 of chapter 230 (p. 317), provides for appeals to the district court from an order of the board of county commissioners determining either of the following matters, viz.:

"First.—The amount of benefits to any tract of land, or owner of any public or corporate road or railroad.

"Second.—The amount of damages allowed to any person or persons or corporation.

"Third.—Refusing to establish such proposed ditch."

Section 63 of the same chapter provides for an appeal to the district court from an order of the board of county commissioners affecting a meandered lake.

Section 51, chapter 230 (p. 337), contains the general provision for appeals from the district court, and is as follows: "Any aggrieved party, who claims damages or against whose property benefits are assessed, may appeal to the supreme court, as in civil actions, from any final order except an order establishing such ditch in proceedings under this chapter, made in district court, within thirty days after the filing of such order. The notice of appeal shall be served on the clerk of the district court and need not be served on any other person or corporation."

The complete provisions thus made in the law for appeals clearly indicate that the language used in section 41 was not intended to apply to orders generally in ditch proceedings, but to the judgments or orders entered in the particular matters covered by sections 39, 40, and 41, to wit, the ascertainment of damages to land caused by the erosion or deposit of soil through the action of the waters in a constructed ditch. If the construction placed on the provision in section 41 by appellant were correct, the right of appeal so given, would be inconsistent with and would be repealed by section 70, c. 469, p. 581, Laws 1909, which provides: "Any party who claims damages or against whose property benefits are assessed may appeal from the district court to the supreme court as in civil actions from any final appealable order, except an order establishing such ditch or drain in proceedings under this chapter."

The motion to dismiss the appeal, because the same is not authorized by the statute, is granted.