## COUNTY OF MORRISON v. CHARLE LEJOUBURG and Others.[1]

February 6, 1914.

Nos. 18,415—(232).

**County ditch — bond for preliminary expense.**

1. Petitioners who execute a bond in a ditch proceeding under Laws 1905, c. 230, conditioned to pay the preliminary expense if the ditch is not established, are liable thereon to a county which in good faith proceeds with the petition, though the description of the route and termini of the ditch in the petition is so defective as to render the proceeding invalid on jurisdictional grounds.

**Authority of county board to act at special meeting.**

2. Under Laws 1905, c. 230, § 9, the county board may either establish or refuse to establish a ditch at a special meeting called for a rehearing of a petition and report when the final order establishing or refusing to establish a ditch has been held void for failure to give proper notice of hearing.

[1] Reported in 145 N. W. 380.

**Evidence of expense.**

> 3. The evidence justifies the finding of the court as to the amount of the preliminary expense.

**Judgment not res judicata.**

> 4. A judgment entered upon the dismissal of an action on motion of the defendant at the close of the plaintiff's testimony for insufficiency of evidence is not *res judicata.*

Action in the district court for Morrison county to recover $606.75 upon defendants' bond, given pursuant to Laws 1905, c. 230, to secure payment of the preliminary expenses in a certain ditch proceeding. The case was tried before Nye, J., who made findings and ordered judgment in favor of plaintiff for the sum of $355.80. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*E. A. Kling* and *F. W. Lyon,* for appellants.

*D. M. Cameron,* for respondent.

DIBELL, C.

This is an action by the plaintiff county against the defendants on a bond in a ditch proceeding given pursuant to Laws 1905, p. 303, c. 230. There were findings for the plaintiff and the defendants appeal from the order denying their motion for a new trial.

1. The defendants who executed the bond were petitioners in the ditch proceeding. The description of the route and termini of the ditch was defective. We assume that the proceeding was without jurisdiction. The bond was conditioned, as required by the statute, to pay all expenses in case the county board failed to establish the proposed ditch. The purpose of requiring a bond is clear. If the ditch is established the preliminary expense to which the county is put is assessed against the property and the county is repaid. If the ditch is not established there is no assessment for the preliminary expense. The statute intends that the parties interested shall furnish a bond indemnifying the county in such case. Conceding that the defects in the description were jurisdictional, we hold that the petitioners who signed the bond and who thereby induced the county board in good faith to incur expense preliminary to the es-

tablishment of the ditch are liable on their contract embodied in the bond. It is not necessary to invoke the doctrine of estoppel. The petitioners are liable on their contract. They are required to do only what they agreed to do.

2. By Laws 1905, p. 314, c. 230, § 9, it is provided that when a final order of the county board establishing or refusing to establish a ditch is declared void because of a failure to give proper notice of hearing a special meeting may be called at which the commissioners "shall proceed to reconsider such report, shall act upon the same and make findings thereon and may establish such ditch." On September 17, 1909, the county board, on insufficient notice, heard the report and refused to establish the ditch. In an action on the bond commenced in November, 1909, the court dismissed the action because of the insufficiency of the notice of the September meeting and judgment was entered. This was in effect an adjudication that the final order of the board was void for want of notice. On June 29, 1910, at a meeting duly held, the board refused to establish the ditch. The defendants claim that at such a meeting the statute permits the board to establish a ditch but not to refuse to establish it. A fair construction of the language quoted permits it to do either.

3. The defendants claim that the award is excessive. The court gave careful attention to the individual items of expense legally incurred and we find no error.

4. In November, 1909, the plaintiff commenced an action against the defendants to recover upon this bond. At the close of the testimony the action was dismissed upon motion of the defendants and judgment of dismissal was entered. This judgment is not a bar to the present action. To be a bar a judgment must be on the merits. A judgment of dismissal, upon the motion of the defendant, without findings or verdict, because of the insufficiency of the evidence, is not *res judicata* and the matter litigated may be relitigated in a subsequent action. Craver v. Christian, 34 Minn. 397, 26 N. W. 8; Andrews v. School District No. 4, 35 Minn. 70, 27 N. W. 303; McCune v. Eaton, 77 Minn. 404, 80 N. W. 355.

Order affirmed.