IN RE PETITION OF J. A. JENSEN AND OTHERS.
J. A. JENSEN v. COUNTY BOARD OF NICOLLET COUNTY AND OTHERS.[1]

April 17, 1924.

No. 23,842.

**No right of appeal from dismissal of drainage proceedings.**

1. The drainage law does not give the petitioners the right to appeal from an order of the district court dismissing proceedings to establish a ditch. The order may be reviewed by certiorari.

**Petition shows improvement is unauthorized by statute.**

2. A petition to construct a ditch for the purpose of lowering the water in a meandered lake four feet below its present level, shows that the lake is not within the class of lakes which may be drained.

**Essentials of petition for drain.**

3. A petition under the drainage law must set forth the nature and purpose of the proposed work. A petition for the construction of a ditch for the purpose of lowering the water in a lake does not give authority to establish the water level of the lake and construct control works for the purpose of maintaining the water at such level.

Upon the relation of J. A. Jensen the supreme court granted its writ of certiorari directed to the district court for Nicollet county and the Honorable A. B. Gislason, judge thereof, to review the ac-

[1]Reported in 198 N. W. 455.

tion of that court dismissing a petition for a county ditch to be known as County Ditch No. 67 of Nicollet county. Affirmed.

*Somsen, Dempsey & Flor,* for relator.

*George T. Olsen,* County Attorney, *Henry N. Benson, Marshall E. Stone, H. L. & J. W. Schmitt* and *H. W. Volk,* for respondents.

TAYLOR, C.

Swan Lake in Nicollet county is an irregular shaped meandered lake having an area of nearly 11,000 acres. On April 12, 1917, a petition for the construction of a county ditch, signed by J. A. Jensen and a large number of other landowners, was filed in the office of the county auditor of Nicollet county. The petition states, among other things, that Swan Lake has become normally shallow, grassy and of a marshy character and is no longer of a sufficient depth or volume to be of any substantial use; that during dry seasons it is practically dry and grows up to noxious weeds and grasses and contains stagnant water; that during wet seasons it fills up with surface water and overflows upon adjoining agricultural lands; that the ditch petitioned for will lower the level of the water in the lake approximately 4 feet and prevent it from overflowing upon adjacent lands, and will also drain large areas of wet and marshy lands adjacent to the lake. The petition further states:

"It is not the intention to entirely drain said Swan Lake; that your petitioners simply desire to lower the level of said Swan Lake approximately four feet below the present water level, and your petitioners are only asking for the establishment and construction of a ditch that will accomplish such result; that the construction and establishment of a ditch that will lower said lake approximately four feet will secure to the public all the benefits herein before mentioned."

On February 13, 1923, the county board, after a full hearing of both petitioners and objectors, made an order denying the petition and refusing to establish the ditch. Jensen appealed therefrom to the district court. The district court ruled that the drainage law under which the proceeding was brought did not authorize the con-

struction of a ditch for the purpose of lowering the water in such a lake, and made an order and rendered judgment dismissing the proceeding. Jensen appealed from the judgment; and, being uncertain whether the matter could be brought to this court by appeal, also sued out a writ of certiorari. He made a motion in this court to consolidate the two proceedings and this was granted to the extent of permitting both to be submitted on one record and one brief. Respondents moved to dismiss the appeal.

That the drainage law does not give the petitioners the right to appeal from an order of the district court dismissing proceedings to establish a ditch, and that their remedy is by certiorari, is no longer an open question. In re Consolidated Ditch No. 1, 157 Minn. 108, 195 N. W. 781; State v. Nelson, 116 Minn. 424, 133 N. W. 1010; Aspelin v. County of Murray, 115 Minn. 440, 132 N. W. 749. The appeal is dismissed. It is true that similar cases brought here by appeal have been considered and determined, but in those cases the right to appeal was neither questioned nor considered.

We think the learned trial court correctly ruled that the petition shows on its face that Swan Lake is not within the class of lakes which the law permits to be drained. The petition shows that the lake covers parts of 4 townships but does not show its depth. It states, however, that the proposed ditch is not intended to drain the lake, but only to lower the water therein 4 feet. We are justified in assuming that after the lake has been lowered to that extent it will still be of considerable depth. Since this proceeding was initiated, two cases have been decided in which it was held that the drainage of such lakes is not authorized by the statute under which this proceeding was brought. Erickschen v. County of Sibley, 142 Minn. 37, 170 N. W. 883, involving Washington lake in Sibley county; and State v. District Court of Stearns County, 144 Minn. 78, 174 N. W. 522, involving Crow lake in Stearns county. Those cases are decisive of this, unless the project to regulate and control the height of the water in the lake, proposed in the final amended report of the engineer, may be carried out under this petition. This proceeding was brought under section 5523, G. S. 1913, as amended by chapter 300, p. 425, Laws of 1915. Shortly after the petition had

been filed, chapter 441, p. 692, Laws of 1917, was enacted which added to the 1915 statute a provision giving authority to establish the height of water in a lake and to construct the necessary structures and improvements to maintain the water at that level, when deemed necessary to control flood water therein. In his final report, the engineer proposed to establish the water level in Swan lake at a specified height above sea level, and to construct a dam, spillway and ditch for the purpose of maintaining the water at that height and of carrying off the surplus water when it rose above that height.

The relator now concedes that Swan Lake is not such a lake as may be drained, and that the question for determination is whether the project proposed by the engineer for controlling flood waters therein may be carried out under the present petition.

Both parties devote a considerable part of their briefs to the question whether the act of 1917, granting power to control flood waters, confers remedial rights, or creates substantive rights, and whether it applies to pending proceedings or only to proceedings begun after its enactment. In the view we take of the case there is no occasion to determine these questions.

The plan proposed by the engineer and now urged by the relator provides for establishing the water level of the lake at normal high-water mark, and for constructing control works, consisting of a reinforced concrete dam, a spillway and a ditch, for the purpose of controlling the height of the water and maintaining it at the level so established. Section 5525, G. S. 1913, as amended by the act of 1917, provides:

"Before any public ditch or drain or other work specified in section 5523 shall be established * * * a petition * * * setting forth the necessity thereof, that the same will be of public utility and will promote the public health * * * shall be filed * * * with the county auditor."

This provision in slightly varying language has been a part of the drainage law ever since its original enactment. To authorize constructing a ditch or other work under this statute, the petition must set forth the necessity for it. This necessarily involves setting

forth, in general terms, the nature, extent and purpose of the proposed work. To authorize establishing the water level of a lake and constructing the dams and control works necessary to maintain the water at such level, there must be a petition asking for the doing of these things and setting forth the necessity therefor. The petition on which the present proceeding is based asks for the construction of an ordinary ditch for the purpose of lowering the water in the lake. It does not ask that the water level be established, nor that a dam or control works of any sort be constructed. It contains nothing to indicate that the petitioners had any such project in mind. Neither the notice of the preliminary hearing, nor the notice of the final hearing contained anything to suggest that such a project would be presented.

The statute giving authority to make such changes in the plan proposed in the petition as may be deemed necessary to accomplish the purpose set forth therein, cannot be construed as giving authority to construct an entirely different improvement. The improvement proposed in the present plan is radically different from that proposed in the petition, and the purpose intended to be accomplished is also different. We concur in the conclusion reached by the learned trial court, and the order or judgment dismissing the proceeding is affirmed.

WILSON, C. J., took no part.