### COUNTY OF NICOLLET v. MATH SCHOUVELLER.[1]

May 21, 1926.

No. 25,354.

**Demurrer sustained.**

Liability on bond to pay expenses of county ditch project, in case order to establish ditch is refused, not dependent on ground of refusal by county board or by the court. [Reporter.]

Appeal from an order of the district court for Nicollet county, Gislason, J., overruling demurrer to the complaint. Affirmed.

*Mueller & Erickson,* for appellant.

*George T. Olsen,* for respondent.

PER CURIAM.

Appeal from an order overruling a demurrer to a complaint, the order being rendered appealable by the court certifying the question involved to be important and doubtful.

The complaint sets out the giving by appellant and others of a statutory bond to plaintiff in a county drainage proceeding, attaches the petition and bond, states the proceedings taken resulted in an order dismissing the petition, the appeal to the district court with like result, and the appeal to this court affirming the same, the amount of the lawful expenses paid by plaintiff, the sums collected from specified bondsmen other than defendant, and the deficiency of $187.51 for which judgment is prayed. The proceedings are found in Jensen v. County Board, 159 Minn. 140, 198 N. W. 455.

[1]Reported in 209 N. W. 40.

The particular point of the demurrer is that the petition showed that neither the county board nor the district court on appeal had jurisdiction to drain the territory involved, including as it did a meandered lake whose water level was to be changed, hence there was not a refusal to establish the drainage on the merits. The point is not sustained. The petition, signed by appellant (and others), was made under the statute for a drainage project within the county. In such a case the law vests the county board and on appeal the district court with power to determine the question of its own jurisdiction over the subject matter of the petition. The opinion of this court indicates clearly that the petitioners with evidence and argument persistently urged the board and the court to establish a drainage system under the petition. The bond in suit is to pay all costs and expenses of the proceeding "in the event that the county board of said county or the court in case an appeal be taken, from any order of said board, refusing to establish such * * * proposed public county ditch." The ground of the refusal is not made a condition of liability nor of escape therefrom. Morrison v. Lejouburg, 124 Minn. 495, 145 N. W. 380, is directly in point and sustains the order of the court below.

The order is affirmed.