IN RE PROCEEDING FOR CONSTRUCTION OF JUDICIAL
DITCH NO. 3, LE SUEUR AND RICE COUNTIES.[1]

April 11, 1930.

No. 27,817.

*Charles C. Kolars,* for relators.

*Thomas H. Quinn,* County Attorney of Rice County, for Rice
County and the Town of Wheatland.

*A. J. Phil Jelinek,* County Attorney, for Le Sueur County.

*Donohue, Quigley & Donohue* and *George F. Sullivan,* for individ-
ual objectors.

OLSEN, C.

The writ of certiorari issued herein is discharged on motion of
the respondents.

Prior to 1925 there was no provision in the drainage laws for an
appeal to this court from an order of the district court refusing to
lay out a public ditch or dismissing a ditch proceeding. Jensen v.
Nicollet County, 159 Minn. 140, 198 N. W. 455, and cases there cited.

In 1925 the legislature enacted L. 1925, p. 585, c. 415. That
chapter is a complete drainage law, covering the entire field of
county and judicial ditches. It is not an amendment of any prior
act or acts, and it expressly repeals all prior laws on the same

[1] Reported in 230 N. W. 481.

subject. It is not a compilation or codification of prior drainage acts, for while it generally follows the same line as prior laws it contains numerous new provisions not found in prior laws and drops out many provisions found in the laws thereby expressly repealed. Section 81 of the act provides:

"Any aggrieved party, who claims damages, or against whose property benefits are assessed, may appeal to the supreme court, as in civil actions, from any final order except an order establishing such drainage system in proceedings under this chapter, made in the district court, within thirty days after the filing of such order."

The relators are the petitioners for the ditch. The petition is for a judicial ditch. Viewers were appointed and assessed benefits to their lands. From the order dismissing the proceeding and refusing to lay out the ditch they had a right to appeal even under § 81. But § 32 of the act also expressly provides for an appeal from the order. It provides in substance:

"Third:" for an appeal from "An order refusing to establish the improvement. Any party appealing from an order of the county board refusing to establish the improvement petitioned for may appeal to the district court and all appeals taken from an order of the district court refusing to establish the improvement may be taken to the supreme court in the manner provided in civil action."

This section is broader than § 81 in that it grants the appeal to any person or corporation aggrieved by the order.

These appeal provisions are so clear that this court cannot, by any construction, take away the right of appeal to this court from an order made by the district court refusing to lay out a ditch. It is apparent that the legislature intended by c. 415 to change the law and grant a right of appeal to this court in such cases. It follows that since the enactment of this law the right of appeal has existed and that certiorari is no longer the remedy and cannot be used to review an order of the district court refusing to lay out a public ditch.