COUNTY OF COTTONWOOD v. CHRIST EICHNER AND OTHERS.[1]

November 21, 1930.

No. 27,659.

[1]Reported in 233 N. W. 294.

*E. H. Nicholas* and *Charles A. Flinn*, for appellants.

*Eli R. Lund*, County Attorney, and *Finstad & Juhnke*, for respondent.

DIBELL, J.

Action by Cottonwood county to recover of the defendants upon a bond given by them as petitioners under G. S. 1913, § 5605, as amended by L. 1917, p. 692, c. 441, § 17 [G. S. 1923, § 6769] for the consolidation of judicial ditch No. 30 and county ditches No. 29 and 25 into a ditch to be known as consolidated judicial ditch No. 3. There was a directed verdict for the plaintiff county. From an order denying the alternative motion of the defendants for judgment or a new trial they appeal.

In April, 1923, the defendants petitioned the district court of Cottonwood county for the consolidation of judicial ditch No. 30, established in 1916, county ditch No. 29, established in 1921, and county ditch No. 25, a petition for which was filed in February, 1920, but upon which no completed proceedings were had. The petition alleged that the waters from ditches No. 30, 29 and 25, and various private line systems, emptied into the same watercourse and were a part of the same drainage basin; that 30 and 29 had caused and would cause the inundation of the part of the natural basin to be drained by 25; and that no adequate system of drainage could be devised so as to leave out the portion included within ditch 25 until the various systems were consolidated.

All of the defendants were petitioners for consolidated ditch No. 3. They were also petitioners for ditch No. 25. On April 16, 1923, they executed a bond conditioned as follows:

"The condition of this obligation is such, that whereas the above bounden principals have petitioned the judge of the district court of the thirteenth judicial district of the state of Minnesota under the provisions of section 5605 of the General Statutes of Minnesota for 1913, as amended, for the consolidation of judicial ditch, county ditches and certain private tile lines systems heretofore made and constructed in said county, and known as judicial ditch No. 30, county ditch No. 29, county ditch No. 25, and certain private tile lines systems, of the said county and state.

"Now, therefore, if said petitioners shall pay all costs and expenses which may be incurred herein in case of their said petition for consolidation is dismissed, or for any reason no contract is entered into for the construction of the consolidated ditch herein petitioned for, or if for any reason the prayer of said petition is not granted, then this obligation shall be void; otherwise to be in full force and effect."

There was an order of consolidation on August 27, 1923. Viewers were appointed and such proceedings were had that on March 7, 1927, the court made its order dismissing the proceeding. The court found:

"That the present proceeding for consolidation includes and affects many thousands of acres of land lying wholly outside of the drainage system sought to be consolidated, and that about seventy-five per cent of the lands affected in such consolidated proceeding were not included in and are no part of the three drainage systems sought to be consolidated.

"The court further finds as a matter of fact that the cost of such proposed consolidated system will far exceed the benefits which will result and accrue to the lands affected thereby, and that the benefits which could be lawfully assessed against such lands are not sufficient to pay for the cost of the construction of such drainage system, and the payment of resulting damages, which would have to be awarded.

"The court further finds that the allegations of said petition as to the necessity for such proposed merger and consolidation, and

that the same will be a public benefit and will benefit the public health have not been established or sustained by the petitioners."

This ended without result the proceeding in consolidated judicial ditch No. 3. The county paid the expenses and brought this suit upon the bond.

It is the contention of the defendants that since there was not a commencement of county ditch No. 25 at the time of the filing of the petition for consolidated ditch No. 3 such proceeding is invalid, and therefore there can be no recovery upon the bond. The statute, L. 1917, p. 692, c. 441, § 17 [G. S. 1923, § 6769] provides:

"In any case where one or more ditches or drainage improvements whether open or tiled, whether public or private, shall have been or are being constructed or may hereafter be constructed, or for the construction of which proceedings have already been, or may hereafter be, initiated, the waters from which do or may empty into any creek, draw, water course or body of water, whether meandered or not, and the construction of said ditch or drainage improvement shall cause or is likely to cause by reason of the added waters, the overflow of the waters of said creek, draw, water course or body of water, and the inundation of the adjoining land, then, and in that event, upon the filing of a petition by the county board of any county affected, or by not less than four freeholders whose property is affected by such overflow, with the clerk of the district court * * * thereupon the clerk of said court shall notify the judge thereof and said judge shall make an order fixing the time and place for hearing upon said petition and ordering all proceedings then pending in any or all of said ditch proceedings to be stayed until the hearing and determination of said petition, which petition and order shall be served upon all persons and parties interested in such ditch proceedings by publication thereof once a week for three successive weeks prior to the date of such hearing, in a legal newspaper in each county in which such proposed ditch or ditches or any part thereof are situate, and if any such proposed ditches are pending before the county board of any county, such

petition and order shall be served upon the county auditor and clerk of the district court of such county."

The application of L. 1917, p. 692, c. 441, was discussed at length in State ex rel. Low v. District Court, 159 Minn. 428, 199 N. W. 883. The result reached by the trial court in consolidated judicial ditch No. 3 was reviewable on certiorari. The contention of the defendants that the proceeding could not be maintained because No. 25 was not constructed, or in process of construction, is not important upon their claim that they should be relieved of liability upon the bond because the court was without jurisdiction to entertain the proceeding for which they petitioned. The word "jurisdiction" is used in different senses. The district court surely had jurisdiction to inquire into the petition presented to it and find what might be done. The defendants asked that it do this. The action of the trial court was reviewable on certiorari. The defendants are asked to respond to the county for expenses incurred only to the extent to which they agreed.

Liability on the bond was to accrue if the "petition for consolidation is dismissed, or for any reason no contract is entered into for the construction of the consolidated ditch herein petitioned for, or if for any reason the prayer of said petition is not granted." This was the contract. The condition making them liable came to pass and they became liable. County of Martin v. Kampert, 129 Minn. 151, 151 N. W. 897.

In County of Morrison v. Lejouburg, 124 Minn. 495, 496, 145 N. W. 380, a suit on a ditch bond, we said:

"The defendants who executed the bond were petitioners in the ditch proceeding. The description of the route and termini of the ditch were defective. We assume that the proceeding was without jurisdiction. The bond was conditioned, as required by the statute, to pay all expenses in case the county board failed to establish the proposed ditch. The purpose of requiring a bond is clear. If the ditch is established the preliminary expense to which the county is put is assessed against the property and the county is repaid. If the ditch is not established there is no assessment for

the preliminary expense. The statute intends that the parties interested shall furnish a bond indemnifying the county in such case. Conceding that the defects in the description were jurisdictional, we hold that the petitioners who signed the bond and who thereby induced the county board in good faith to incur expense preliminary to the establishment of the ditch are liable on their contract embodied in the bond. It is not necessary to invoke the doctrine of estoppel. The petitioners are liable on their contract. They are required to do only what they agreed to do."

The doctrine of this case was followed in County of Nicollet v. Schouveller, 167 Minn. 521, 522, 209 N. W. 40, where the court said:

"The particular point of the demurrer is that the petition showed that neither the county board nor the district court on appeal had jurisdiction to drain the territory involved, including as it did a meandered lake whose water level was to be changed, hence there was not a refusal to establish the drainage on the merits. The point is not sustained. * * * The bond in suit is to pay all costs and expenses of the proceeding 'in the event that the county board of said county or the court in case an appeal be taken, from any order of said board, refusing to establish such * * * proposed public county ditch.' The ground of refusal is not made a condition of liability nor of escape therefrom. County of Morrison v. Lejouburg, 124 Minn. 495, 145 N. W. 380, is directly in point and sustains the order of the court below."

Within our prior decisions the defendants are liable on the bond which they executed.

■ The claims for expenses in consolidated ditch No. 3 were for expenses incurred after the petition was filed and prior to its dismissal. They came within the terms of the bond. The county paid them, and it should be reimbursed. See Kalman v. County of Grant, 167 Minn. 458, 209 N. W. 638; County of Rice v. LaCroix, 175 Minn. 8, 220 N. W. 157, 958. We cannot sustain the claim of the defendants that they included expenses merely for ditch No. 25. In paying, the defendants perform the obligation of the bond and no more.

Order affirmed.