[1] Reported in 5 N.W.2d 64.
Three landowners separately petitioned the district court of Martin county for an order determining that all or a part of a ditch assessment levied by the county board of that county on July 11, 1939, is "null, void and illegal" and cancelling the same *Page 71 
of record. The proceedings were tried together in the district court and are so submitted here on appeal.
The trial court found in each case that the assessment was duly and properly levied against the land pursuant to Mason St. 1927, § 6840-53, "for the purpose of creating a fund for keeping in repair a certain judicial ditch, known as Judicial Ditch Number 77, in said county, said ditch affecting and for which petitioner's land was duly assessed when it was established"; that petitioner voluntarily paid installments of the assessment but did not appeal, in the manner provided by law or at all, from the order of the county board levying the assessment.
The trial court ordered the proceedings in each case dismissed. Petitioners appeal from an order denying their joint motion for a new trial. They contend that the order of the county board is void because (1) the board levied the assessment for a purpose not authorized by the governing statute, and (2) the board failed to give the notice required by the statute before making the assessment.
Respondents urge that the petitions, premised as they were on Mason St. 1940 Supp. §§ 2126-1 to 2126-14, could not have been granted for the reason that petitioners failed to comply with the conditions precedent to the granting of relief required by these statutes. They also claim that they are inapplicable and that petitioners' exclusive remedy was by appeal to the district court pursuant to Mason St. 1927, § 6840-32.
Prior to January 1, 1936, objections to taxes could be made by filing an answer to the notice and list of delinquent taxes upon real estate. On that date, L. 1935, c. 300 (Mason St. 1940 Supp. §§ 2126-1 to 2126-14) became effective. A discussion of this statute is found in International Harv. Co. v. State,200 Minn. 242, 274 N.W. 217. Whether it supersedes Mason St. 1927, § 2116, has not been decided. See In re Delinquent Real Estate Taxes for 1938, Roseau County, 212 Minn. 562, 4 N.W.2d 783. Section 2126-1 of the 1935 act provides that any person within the terms of the statute "may have the validity of his claim, defense *Page 72 
or objection determined by the district court of the county in which the tax is levied by serving copies of a petition for such determination upon the county auditor, county treasurer and the county attorney and filing the same, with proof of such service, in the office of the clerk of the district court on or before the first day of June of the year in which such tax becomes payable." Apparently, it is petitioners' theory that the assessment here involved was a "tax" within the meaning of that section. Assuming without deciding that they are correct in this particular, the assessments became payable in 1940. The petitions were not filed in the office of the clerk of the district court until February 1941. If the legislature intended the provision as to the time for filing the petitions to be mandatory rather than directory, petitioners were not entitled to proceed under this law, because approximately eight months elapsed between the time fixed by the statute and the time of filing their petitions. The chief difference between this statute and § 2116 lies in the fact that under the 1935 law the propriety of an assessment or tax can be determined within a short time after the tax becomes delinquent. It appears to us that the legislature enacted this law for the specific purpose of reducing the period of time which, under the old law, elapsed between the assessment of the tax and its payment. With that purpose in mind, the legislature must have intended that the provision specifying the time for the filing of petitions be treated as a condition precedent to the granting of the relief provided for by this legislation. We are therefore of the view that the district court properly dismissed the petitions for the reason that it appeared from the facts in these cases that the petitioners had failed to comply with an essential condition of the law under which they sought to proceed.
Because petitioners failed to adduce facts bringing them within §§ 2126-1 to 2126-14, it is unnecessary for us to determine whether they were entitled to proceed, as they did, under that statute, or whether their exclusive remedy was by appeal from an order of the county board levying the assessment under Mason St. 1927, *Page 73 
§ 6840-32. We have held that the statute of which § 6840-32 is a part is a "complete drainage law, covering the entire field of county and judicial ditches," and that the provisions for appeal therein contained are exclusive. In re Judicial Ditch No. 3, LeSueur and Rice Counties, 180 Minn. 132, 230 N.W. 481. See Slingerland v. Conn, 113 Minn. 214, 129 N.W. 376; In re Delinquent Taxes for 1921, Aitkin County, 175 Minn. 206,220 N.W. 608; Wall v. Borgen, 152 Minn. 106, 188 N.W. 159. However, those cases were all decided prior to the enactment of L. 1935, c. 300.
Petitioners argue that the provisions of the drainage law relative to appeals do not control here because the assessment of the county board was void. They reason that, while Mason St. 1927, § 6840-53, empowers the county board to levy an annual assessment against lands originally assessed for benefits in proceedings for the establishment of a drainage system to provide funds to keep the ditches "in proper repair and free from obstruction," the assessment here in question was levied for the improper purpose of obtaining funds to pay interest on ditch bonds previously issued by the county. However, it appears from the resolution of the county board adopted July 10, 1939, that the funds were to be used for keeping the ditches involved "in proper repair and free from obstructions, as specified by law." As stated in State v. Crookston Lbr. Co.85 Minn. 405-409, 89 N.W. 173, 174: "The general rule with reference to such records, where required by statute to be kept, is that when once made and recorded in unambiguous language they cannot be impeached or contradicted by extrinsic or parol evidence." To impeach this resolution, petitioners sought to introduce evidence to the effect that at the time the resolution was passed the board intended to use the funds raised for a purpose other than that of repairing the ditches. They claim that the act of the county board in passing the resolution was fraudulent and that therefore their cases come within one of the exceptions to the parol evidence rule. It is our view that there is nothing in the record to sustain the assertion that the act of *Page 74 
the county board was fraudulent, and for this reason, on the record before us, the trial court properly ruled such evidence inadmissible.
Petitioners also claim that the assessment was void because the county board met and passed its resolution on July 11, 1939, whereas it published notice that the hearing on the assessment was to be held on July 12, 1939. However, the evidence shows that petitioners paid their assessments along with their real estate taxes in 1940. It has been settled that failure to give the notice required by the drainage laws may be waived (County of LeSueur v. Globe Ind. Co. 150 Minn. 120,184 N.W. 677); and it is our opinion that by paying their assessments petitioners waived any objection they might have had to the proceedings on jurisdictional grounds. It is true that the tax was paid under protest, but this fact is immaterial except in the case of payment made under duress or coercion, and then only as evidence tending to show that the alleged payment was a result of duress. Shane v. City of St. Paul, 26 Minn. 543, 6 N.W. 349; Falvey v. Board of Co. Commrs.76 Minn. 257, 79 N.W. 302; 48 A.L.R. 1386; 6 Dunnell, Dig. Supp. § 9517. No claim of duress can be made here.
Order affirmed. *Page 75