*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0722**


Gary Otremba,
Appellant,

Heidi L. Moegerle,
Appellant,

vs.

City of East Bethel,
Respondent.


**Filed November 28, 2016
Affirmed
Halbrooks, Judge
Concurring specially, Johnson, Judge**


Anoka County District Court
File No. 02-CV-15-5612

Gary Otremba, Heidi L. Moegerle, Wyoming, Minnesota (pro se appellants)

Kevin S. Sandstrom, Mark J. Vierling, Eckberg Lammers, P.C., Stillwater, Minnesota (for respondent)

Considered and decided by Reilly, Presiding Judge; Halbrooks, Judge; and Johnson, Judge.

UNPUBLISHED OPINION

**HALBROOKS**, Judge

Pro se appellants challenge the district court's dismissal of a special-assessment appeal, arguing that payment of a special assessment prior to filing an appeal does not preclude the appeal. We affirm.

## FACTS

Appellants Gary Otremba and Heidi Moegerle own property located in the City of East Bethel. Respondent City of East Bethel adopted a resolution that ordered appellants to remove a retaining wall that encroached upon the city's right-of-way of the street adjoining appellants' property. Appellants did not appeal this resolution and did not remove the retaining wall. Thereafter, the city removed the retaining wall and adopted a special-assessment resolution, ordering appellants to reimburse the city for its removal of the wall.

Moegerle filed an appeal in district court after she paid the special assessment in full, requesting that the district court order the following relief: (1) set aside the assessment *without* ordering a new assessment, (2) declare that the special-assessment resolution is void, (3) order the city to reimburse appellants for payment of the special assessment, (4) award punitive damages, (5) bar the city from renaming the special-assessment project, and (6) require the city to publish an apology to appellants. The city moved the district court for an order dismissing the action, arguing that payment of a disputed assessment prior to filing an appeal acts as a jurisdictional waiver of the right to

appeal. Appellants conceded that Moegerle paid the special assessment but argued that payment did not waive their right to appeal the special assessment.

The district court dismissed appellants' special-assessment appeal with prejudice. It determined that its scope of relief was limited to either affirming the assessment or setting the assessment aside and ordering reassessment and that none of the relief requested by appellants was authorized by statute. *See* Minn. Stat. § 429.081 (2014). It also concluded that appellants waived their right to appeal by paying the special assessment. This appeal follows.

## D E C I S I O N

A defendant may move the district court to dismiss a case, and if "matters outside the pleading[s] are presented to and not excluded by the [district] court, the motion shall be treated as one for summary judgment." Minn. R. Civ. P. 12.02. Because the district court considered facts outside the pleadings in reaching its decision, we treat its decision as one of summary judgment. We review summary-judgment decisions de novo and must determine whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment. *Dickhoff ex rel. Dickhoff v. Green*, 836 N.W.2d 321, 328 (Minn. 2013). There are no genuine issues of material fact here. It is undisputed that appellants paid the special assessment prior to filing an appeal in the district court. We therefore determine "whether the [district] court erred in applying the law." *Antone v. Mirviss*, 720 N.W.2d 331, 334 (Minn. 2006).

3

## I.

Both parties address whether paying a special assessment prior to filing an appeal in district court acts as a jurisdictional waiver. The district court dismissed this matter, in part, because it concluded that it did not have jurisdiction to consider the appeal. The Minnesota Supreme Court has discouraged the inexact use of the term "jurisdiction." *See, e.g.*, *McCullough & Sons, Inc. v. City of Vadnais Heights*, 883 N.W.2d 580, 584, 590 & n.3 (Minn. 2016) ("Jurisdiction refers to a court's power to hear and decide disputes." (internal quotations omitted)); *In re Civil Commitment of Giem*, 742 N.W.2d 422, 427 & n.6 (Minn. 2007) (distinguishing between "non-jurisdictional procedural rules" and subject-matter jurisdiction, which relates to the district court's adjudicatory authority).

Subject-matter jurisdiction presents a question of law that this court reviews de novo. *Nelson v. Schlener*, 859 N.W.2d 288, 291 (Minn. 2015). Subject-matter jurisdiction relates to a court's constitutional or statutory power to adjudicate a case. *McCullough & Sons*, 883 N.W.2d at 584-85. And district courts are authorized by statute to determine special-assessment appeals. Minn. Stat. § 429.081. Because the district court is authorized to determine special-assessment appeals, we conclude that it has subject-matter jurisdiction to consider this matter.

Turning our attention to the merits of this appeal, appellants contend that they could not waive their right to challenge the special assessment because they were not aware, and were not notified, that payment would constitute a waiver of their appeal. In response, the city relies on two cases for the assertion that appellants are barred from appealing a special assessment that has been paid. *See Rosso v. Vill. of Brooklyn Ctr.*,

4

214 Minn. 364, 8 N.W.2d 219 (1943); *In re Slaughter*, 213 Minn. 70, 5 N.W.2d 64 (1942). We are not persuaded that these cases apply here.

In *Slaughter*, the supreme court concluded that a petitioner who pays a ditch assessment prior to filing an appeal waives any objections to the assessment proceedings on jurisdictional grounds, unless the petitioner can prove that the payment was made under duress or coercion. 213 Minn. at 74, 5 N.W.2d at 66-67. But the rule in *Slaughter* applied to ditch assessments, which were governed by a different statutory scheme. *Id.;see also* Minn. Stat §§ 429.01-.29 (1941) (regulating special assessments); Minn. Stat. §§ 6634-6926 (Supp. 1940) (regulating drainage law and ditch assessments).

In *Rosso*, landowners paid the first of five annual installments of a special assessment in 1939, but they did not appeal the special-assessment resolutions until 1942. 214 Minn. at 366-67, 8 N.W.2d at 220. The district court dismissed the case, holding that the landowners "could not maintain a suit in equity to enjoin the collection of the assessments, because the law afforded them an adequate remedy to contest the assessments." *Id.* at 368, 8 N.W.2d at 221. After the supreme court concluded that the district court's dismissal was not erroneous, in dictum, it stated:

> It might also be suggested here that, in view of the fact that plaintiffs paid a portion of their [special] assessments, they thereby waived any objection they might have had to the [special-assessment] proceedings on jurisdictional grounds. The fact that the payments were made "under protest" is immaterial, unless there is evidence that such payments were made under duress or coercion.

*Id.* (citing *Slaughter*, 213 Minn. at 74, 5 N.W.2d at 67).

5

Judicial dictum is an expression of the court's opinion on a question "directly involved and argued by counsel though not entirely necessary to the decision." *Brink v. Smith Cos. Constr.*, 703 N.W.2d 871, 877 (Minn. App. 2005). Dictum that "contains an expression of the opinion of the court" is entitled considerable weight. *Id.* But it is not binding. *Pecinovsky v. AMCO Ins. Co.*, 613 N.W.2d 804, 808 (Minn. App. 2000), *review denied* (Minn. Sept. 26, 2000).

We conclude that neither *Slaughter* nor *Rosso* is binding on the matter before us. The rule's application in *Rosso* is judicial dictum. And *Slaughter* did not directly apply the rule to special assessments. We may also "affirm summary judgment on alternative theories presented but not ruled on at the district court level." *Nelson v. Short-Elliot-Hendrickson, Inc.*, 716 N.W.2d 394, 402 (Minn. App. 2006), *review denied* (Minn. Sept. 19, 2006). Because *Slaughter* and *Rosso* do not bind us, and because the district court determined that "[n]one of [appellants'] forms of relief are authorized by the statute," the plain language of the statute guides our decision. *See Pecinovsky*, 613 N.W.2d. at 807-09 (reviewing the plain language and legislative intent of a statute after determining that the caselaw was dicta).

The district court, in part, determined that none of appellants' requested relief was authorized by statute. Statutory interpretation is a question of law that we review de novo. *City of Brainerd v. Brainerd Invs. P'ship*, 827 N.W.2d 752, 755 (Minn. 2013). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature." *Id.* When a statute's language is plain and unambiguous,

6

"we interpret the statute according to its plain meaning." *Id.* And we will dismiss a case if we cannot grant effectual relief. *Kahn v. Griffin*, 701 N.W.2d 815, 821 (Minn. 2005).

An aggrieved person "who is not precluded by failure to object prior to or at the [special-assessment] hearing" may file an appeal in district court within 30 days after the special-assessment resolution is adopted. Minn. Stat. § 429.081. The district court's scope of relief is limited to "either affirm[ing] the assessment or set[ting] it aside and order[ing] a reassessment." *Id.*

Here, it appears that appellants satisfied the procedural requirements for filing an appeal because they objected to the special-assessment resolution at the city council meeting and filed their appeal less than 30 days after it was adopted. But the district court correctly determined that it has no power to grant the relief that appellants seek. Although appellants argue that the plain language of Minn. Stat. § 429.081 does not preclude aggrieved persons who have already paid a special assessment of the right to appeal special-assessment proceedings, it similarly does not contemplate the district court ordering reimbursement of a special assessment already paid. Because the district court, given its limited scope, cannot grant appellants effectual relief and because it properly considered its limited scope, its dismissal of this appeal is proper.

**II.**

Appellants urge this court to remand this case to the district court for a determination of damages under the private attorney general statute on the ground that the city filed a frivolous motion. *See* Minn. Stat. § 8.31, subd. 3a (2014). But appellants did not bring this action under the private attorney general statute, nor are they likely to

7

be able to show benefit to the public should they prevail. *See Ly v. Nystrom*, 615 N.W.2d 302, 314 (Minn. 2000) ("[T]he Private AG Statute applies only to those claimants who demonstrate that their cause of action benefits the public."). And although the private attorney general statute contemplates an award of attorney fees, it does not provide for an award of attorney fees on the ground that a party brought a frivolous motion. Minn. Stat. § 8.31, subds. 1, 3a (2014).

**Affirmed.**

**JOHNSON**, Judge (concurring specially)

I agree with the opinion of the court that the district court's decision should be affirmed, but I would affirm for different reasons. Specifically, I would apply the supreme court's opinions in *Slaughter* and *Rosso* and would conclude that appellants waived their challenge to the special assessment when they paid the special assessment before commencing their district court action.

The district court properly relied on *Slaughter* and *Rosso* and the common-law doctrine of waiver. In *Slaughter*, the district court dismissed three challenges to a ditch assessment, and the supreme court affirmed on the ground that "by paying their assessments petitioners waived any objection they might have had to the proceedings." *In re Petition of Slaughter*, 213 Minn. 70, 74, 5 N.W.2d 64, 67 (1942). The *Slaughter* court's waiver analysis is not expressly limited to ditch assessments and is not based on any language in the statute governing ditch assessments. *See id.* In *Rosso*, the district court dismissed a challenge to a municipality's special assessment, and the supreme court affirmed, in part because "plaintiffs paid a portion of their assessments" and "thereby waived any objection they might have had to the proceedings." *Rosso v. Village of Brooklyn Center*, 214 Minn. 364, 369, 8 N.W.2d 219, 221 (1943). Waiver was one of two independent grounds for deciding the appeal; therefore, the waiver analysis in *Rosso* is binding precedent, not *dictum*. *See State v. Rainer*, 258 Minn. 168, 178, 103 N.W.2d 389, 396 (1960); *State by Foster v. Naftalin*, 246 Minn. 181, 208, 74 N.W.2d 249, 266 (1956).

This court should confine itself to the question whether the district court erred in its application of *Slaughter* and *Rosso*. The waiver rule of *Slaughter* and *Rosso* was the sole basis for the district court's decision. In the concluding paragraph of its memorandum, the district court stated, "Because the Plaintiffs paid the special assessment in full prior to commencing their appeal under Minn. Stat. Sec. 429.081, the Anoka County District Court does not have jurisdiction[1] to consider the appeal. Therefore, the special assessments appeal of the Plaintiffs is dismissed without prejudice." Respondent has not asked this court to affirm the district court on alternative grounds. In fact, respondent contends that the district court's application of *Slaughter* and *Rosso* "is the only issue that is relevant in this appeal." Respondent reiterates, "Because the District Court never reached the merits . . . of Appellants' various legal arguments about the assessment process, those arguments are not appropriate or ripe for review on appeal." In light of respondent's position, I would not consider alternative grounds for affirmance *sua sponte*.

For these reasons, I concur in the judgment.

---

[1]I note that the district court likely misunderstood the holdings of *Slaughter* and *Rosso*. I believe that *Slaughter* and *Rosso* are not concerned with the existence or non-existence of jurisdiction, let alone subject-matter jurisdiction. I believe that the district court in this case likely was misled by the statement in *Slaughter* (which was repeated in *Rosso*) that petitioners "waived any objection they might have had to the proceedings *on jurisdictional grounds*." *Slaughter*, 213 Minn. at 74, 5 N.W.2d at 67 (emphasis added); *see also Rosso*, 214 Minn. at 369, 8 N.W.2d at 221. I read *Slaughter* to say that the petitioners had an objection to the assessment proceedings that was jurisdictional in nature but waived it. I read *Rosso* in the same manner. I do not read either case to say that the waiver deprived the district court of jurisdiction.